# Small *against* Jones.

If a person lend money and take a note for it payable at a future day, and then parts with the note for a valuable consideration, he can not sue, either on the note or on the original cause of action, until he has taken up the note.

ERROR to the common pleas of *Dauphin* county.

A. J. Jones and John Cameron against Peter A. Small and Samuel Small, surviving partners of Smalls & Co.

This suit was brought to recover 165 dollars, the balance of a sum of 200 dollars, alleged to have been lent by plaintiffs to the firm of Smalls & Co., composed of defendants and John Small, deceased. The business of that firm was conducted by John Small,

under the name of Smalls & Co.   John Small, some time before February 1836, sent his clerk, Seibert, to plaintiffs to borrow 200 dollars.   The money was obtained; whether John Small sent with his clerk a promissory note to plaintiffs for the 200 dollars, and if he did, whether it was signed by John Small individually, or in the name of Smalls & Co., was disputed.   On the 27th of February 1836, John Small sent his clerk with 35 dollars, and his individual promissory note for the balance, 165 dollars, to plaintiffs.   Mr Jones objected to the note, because it was not in the name of Smalls & Co.; but on the clerk's observing that it would be paid at all events when due, he made no further objection.   This note plaintiffs had discounted in the Harrisburg Savings Institution; when due it was protested, and plaintiffs, since the commencement of this suit, have repaid that institution.   It was objected that plaintiffs can not recover, because they had the money received on discount of the note, at the commencement of this suit, and did not repay it to the Harrisburg Savings Institution till after the commencement of this suit.

The court below was of opinion that this was not a valid objection to the plaintiffs' recovery, and so instructed the jury.   Verdict for plaintiffs.

*Alricks* and *Johnston*, for plaintiffs in error.
*M'Clure*, for defendants in error.

The opinion of the Court was delivered by

SERGEANT, J.—There is one portion of this charge in which the court below erred, and that is, in instructing the jury that there was no validity in the objection that the plaintiff could not recover, because he did not take up the note until after the commencement of this suit.   If a person lend money and take a note, payable at a future day, in payment of it, and then parts with the note for a valuable consideration, he can not sue, either on the note or on the original cause of action, till he has taken up the note.   If he could, the debtor might be liable to two suits; one by the holder upon the note, and the other by the creditor on the original cause of action. Where the note is outstanding in the hands of an agent of the creditor, or of one who has paid no consideration, it is sufficient to produce it at the trial, as was held in Burden *v.* Halton, 4 *Bing.* 454, (15 *E. C. L.* 37.)   But the case is different where it has been parted with for a valuable consideration received by the creditor.

Judgment reversed.