## ROBINSON et al. *v.* TAYLOR & Co.

A partner, who after dissolution remains in possession of the store or place of business, and attends to the collection of the debts due to the firm, may give a note in the name of the firm for a debt due by the partnership, which will bind all the parties, although he may have no express authority to settle the business.

After an appeal from an award for plaintiff on a statement on a promissory note, it seems, the plaintiff may, under the act of 1806, declare on the original debt for which the note was given, as it is the same cause of action. A declaration on the note may be added, as an amendment to the statement.

In error from the Common Pleas of Armstrong county.

*Oct.* 20.    The defendant in error brought an action in the court below, in which he filed a statement of his claim on a promissory note of the defendants. A reference, and award for the plaintiffs, having been made, the court permitted a declaration on the note to be filed, but withdrew permission to declare on a book-account after an appeal from the award, as having been improvidently granted. The defendants dissolved partnership on the 11th November, 1840, when they were indebted to the plaintiff on a book-account. The note in question was given by one of the partners, who attended to the collection of the debts due to the firm and paid the costs of suits

thereon, in liquidation of the plaintiff's debt, and was dated October 4, 1842. At this time the plaintiff had notice of the dissolution, and some demur was made by the signing partner, as to his right to use the firm's name after dissolution. The drawer had no express authority to settle the concerns of the firm, but continued his separate business in the same establishment.

The errors assigned were, 1. In admitting evidence of the book-account under a declaration on the note. 2. In admitting evidence that the note was given to close the account after the dissolution. 3. In admitting the note in evidence. 4. In permitting the amendment to the declaration.

*Phelps*, for plaintiff in error.—An adjustment of a claim against the firm by one partner, after a dissolution, is not binding on the other, even though he were authorized to settle the affairs. Hackley v. Patrick, 3 Johns. 536 ; Lansing v. Gaine, 2 Johns. 300. Nor can he endorse notes, or draw bills for an old debt. Sanford v. Mickles, 4 Johns. 224. The authority of a partner ceases on the dissolution ; the power to receive and give acquittances for antecedent debts, and his other powers, being simply that of any joint creditor. 4 Johns. 227 ; 6 Johns. 146 ; Levy v. Cadet, 17 Serg. & Rawle, 127 ; Bell v. Morrison, 1 Peters, 370 ; 4 Munf. 215 ; 3 Pick. 177 ; Whitehead v. Bank, 2 Watts & Serg. 172 ; 2 Stark. Ev. 589 ; Abel v. Sutton, 3 Esp. 110. A change in the *narr.* is not allowed under the act of 1806, after an award. Reitzel v. Franklin, 5 Watts & Serg. 33 ; Carskadden v. McGhee, 7 Watts & Serg. 140.

*Harrison*, contrà.—There is really but one point in this case, and that is, whether a partner, after dissolution, may give a note in the firm's name for a debt of the partnership. That he has the power, is settled in this court, Davis & Desauque, 5 Whart. 530 ; Houser v. Irvine, 3 Watts & Serg. 345 ; Griswold v. Waddington, 15 Johns. 83. This being the case, we had a right to show the original indebtedness. The amendment was a simple change from a statement to a formally drawn declaration.

*Oct.* 26. Per Curiam.—It would make little difference to the out-going partner, whether the suit were brought against the firm on the promissory note, or on the book-account, for which it was given. The difference would be only in the comparative degree of facility in making out a *primâ facie* case. But the note was given by the liquidating partner in the progress of winding up the concern ; and

the case therefore falls within the principle of the case of Davis *v.* Desauque. As to the amendment of the *narr.*, it is enough to bring it within the act of 1806, that the cause of action was exactly the same. The plaintiff might just as well have declared for goods sold, and given the note in evidence. But the case was directly within the mischief provided for.                    Judgment affirmed.