# A. L. Winters, Appellant, *v.* Christian Mowrer, Administrator of George Mowrer, deceased.

*Promissory note—Material alteration—Burden of proof.*

Where a promissory note has been altered in a material part, the burden of proof is upon the holder to show that such alteration was lawfully made, but it does not follow that the burden is a heavy one, only that the plaintiff must offer what evidence he can and the jury will take the question.

*Peremptory nonsuit—Effect as to trend of proof.*

On a peremptory nonsuit the defendant is considered as having admitted every fact which the evidence tended to prove.

*Promissory note —Evidence—Alterations—Question for jury.*

The question whether there has been any alteration, and, if so, when it was made, and by whom, and with what intention, are all questions of fact for the jury; so it is for the jury to determine the time and circumstances in which a memorandum was made at the foot of the note.

*Promissory note—Evidence—Nonsuit—Alterations—Question for jury.*

Evidence having been given tending to explain an obvious material alteration as made at the time of execution of a promissory note, and evidence having been given tending to show that a memorandum at foot of note was also there at time of execution, and examination by the court not justifying the assumption that the memorandum disclosed an obvious interlineation or alteration, *held*, that the question was for the jury, and that the court below erred in directing a nonsuit.

*Practice—Act of 1887—Statement—Two counts.*

Under the act of May 25, 1887, P. L. 271, the plaintiff may declare in practically two counts: on a promissory note, and also on the original cause of indebtedness—for money loaned. It is not a defect in a statement to set out more formally and elaborately the cause of action than is absolutely necessary under the act of 1887, and in so doing to use some of the language of the time-honored forms of declarations.

*Surrender of alleged altered note not always a condition precedent to suit.*

Where, in a suit for money loaned, plaintiff declares on the note and also on the original cause of indebtedness, and the defense sets up an alleged alteration, without fraudulent intent, it is error to hold that there can be no recovery unless the altered instrument is surrendered or cancelled. Nothing more is required of the plaintiff than the production of the note on the trial. Of course, if it appeared that the note had been fraudulently altered, there could have been no recovery on either count of the declaration.

Argued Nov. 18, 1895. Appeal, No. 23, Nov. T., 1895, by plaintiff, from judgment of nonsuit of C. P. Lancaster Co., April T., 1892, No. 6. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ. Reversed.

Assumpsit to recover the sum of $480, with interest from September 23, 1889. The statement, as amended, declared on a promissory note, and, by an additional count, on the original consideration for money borrowed and received by the maker, now deceased, from the plaintiff. The defense set up alleged material alteration of the note, a facsimile of which appears on page 49.

. . The fact, as disclosed at the trial, and the rulings on evidence, are abundantly disclosed by the opinion of the Superior Court. The case had been previously before the Supreme Court on appeal. See Winters v. Mowrer, 163 Pa. 239.

*Errors assigned* were, (1, 2) entry of nonsuit; (3–5) refusal to admit note in evidence; (6–9) refusal of offers tending to prove the loan of the money for which the note was given.

*John A. Coyle* and *B. F. Davis*, for appellant.—The case should be considered under the two counts: Winters v. Mowrer, 163 Pa. 239; Byles on Bills, 5 Am. ed. *392, chap. 33. The presumption of interlineation is not a strong one: Heffelfinger v. Sheetz, 16 S. & R. 44. The court may consider the character of a note by inspection: Nagle's Est., 134 Pa. 42. The question, if doubtful, is for the jury: Clark v. Eckstein, 22 Pa. 507. Consent may be implied or expressed: Bowers v. Jewell, 2 N. H. 543. The amended count for the original consideration is good under the act of May 25, 1887, P. L. 271, as it would have been under the act of 1806: Robinson v. Taylor, 4 Pa. 242; Kline v. Smith, 166 Pa. 563. The taking of the note is not satisfaction: Kemmerer's App., 102 Pa. 558; such question is for the jury. The plaintiff's note was not outstanding, but in court, and subject to its control: Brown v. Scott, 51 Pa. 357; Hays v. McClurg, 4 W. 454; Hunt v. Gray, 35 N. J. L. R. 227. "The court decide on the materiality of any alteration in a written instrument," but the jury decide whether the alteration is fraudulent or not: Bowers v. Jewell, 2 N. H. 543.

As to recovery on second count, see Pitt v. Singmaster, 73 Pa. 400; Bell v. Young, 1 Gr. 175; Birburg v. Graham, 14 Pa. 16; Reigler v. Kelbr, 8 W. N. 323; West Phila. Bank v. Field, 143 Pa. 473; Second Nat. Bank v. Wentzel, 151 Pa. 152. These cases establish the fact that, though there could be no recovery on the note, there could be on the count for the money had and received. Ample protection could be given by the court to the defendant, as in cases of lost or destroyed notes or genuine notes surrendered by mistake for forged notes.

It is well settled that a peremptory nonsuit is in the nature of a demurrer to plaintiff's evidence : West Phila. Nat. Bank v. Field, 143 Pa. 473. " If there is any evidence beyond a mere scintilla, which alone would justify an inference of the disputed facts on which his right to recover depends, it must be submitted to the jury: " Hill v. Trust Co., 108 Pa. 1; Abraham v. Mitchell, 112 Pa. 230.

" Upon a motion to nonsuit, the defendant is considered as admitting every fact which the evidence tends to prove, including such inferences of fact as a jury may lawfully draw from it : Miller v. Bealer, 100 Pa. 585; McGrann v. R. R., Co., 111 Pa. 171; Jones v. Bland, 116 Pa. 190.

*Brown & Hensel*, for appellees.—The alteration was material, and the burden of explanation was on plaintiff: Greenleaf on Evidence, § 564; Simpson v. Stackhouse, 9 Pa. 186; Kennedy v. Bank, 18 Pa. 347; Paine v. Edsell, 19 Pa. 178; Hartley v. Corboy, 150 Pa. 23; McIntyre v. Velte, 153 Pa. 350; Nesbitt v. Turner, 155 Pa. 429. Inspection will show material changes (see Craighead v. McLoney, 99 Pa. 211; Bank v. Chisolm, 169 Pa. 564), and such changes void the note : Warrington v. Early, 2 E. & B. 763; Wessell v. Glenn, 108 Pa. 104.

Where there has been an alteration in a negotiable instrument, even without fraudulent intent, the surrender of the instrument is a condition precedent to an action on the original consideration : Muster v. Miller, Smith's Leading Cases, Am. Notes, 7th ed., vol. 2, p. 1114, and cases cited. Nor can a recovery be had on the original contract altered by insertion of material words: Arrison v. Harmstead, 2 Pa. 191; Bank v. Chisolm, 169 Pa. 564; Hartley v. Corboy, 150 Pa. 23. See also Miller v. Gilleland, 19 Pa. 128, where GIBSON, J., gives the reason of things with his customary cogency and clearness.

OPINION BY McCARTHY, J., December 20, 1895:

There is no doubt in this case that the promissory note in suit was altered in a material part. The alteration was apparent. In such a case the burden of proof is undoubtedly upon the holder of the note to show that such alteration was lawfully made. If he fails to do so he cannot recover upon it. At the close of the plaintiff's testimony the learned judge entered a judgment of nonsuit and afterwards refused to take it off.

Two questions arise for our consideration:

1. The burden of proof being upon the plaintiff, as holder of the note, to prove that the alteration was lawfully made, was sufficient evidence given by him to explain it to the jury?

2. Has the plaintiff a right to recover on the original consideration, and if so can he do so without a surrender or cancellation of the note?

In determining the first question it is to be remembered that a peremptory nonsuit was entered, and that the defendant must be considered as having admitted every fact which the evidence tended to prove: West Philadelphia National Bank v. Field, 143 Pa. 473. In that case the present chief justice says on page 477: "It is well settled that a peremptory nonsuit is in the nature of a demurrer to the plaintiff's evidence. If there is any evidence beyond a mere scintilla, which alone would justify an inference of the disputed facts on which his right to recover depends, it must be submitted to the jury: Hill v. Trust Co., 108 Pa. 1; Abraham v. Mitchell, 112 Pa. 230. Upon a motion to nonsuit, the defendant is considered as admitting every fact which the evidence tends to prove, including such inferences of fact as a jury may lawfully draw from it: Miller v. Bealer, 100 Pa. 585; McGrann v. Railroad Co., 111 Pa. 171; Jones v. Bland, 116 Pa. 190."

The plaintiff proved the signature of Mowrer, the maker of the note, by several witnesses. The deposition of B. F. Rowe was read to the jury. He testified, "I saw a business transaction between Mr. Mowrer and Mr. Winters sometime in September; I cannot tell the date of the month, but in September, 1889. Mr. Winters came into Mr. Frey's hotel; I was there; he inquired for Mowrer; I told him I hadn't saw him; then he went out and Mowrer came in and asked me the same question whether I had seen Winters; Winters told me to tell him

to stay there and he staid there; what their business was I don't know, but I found out afterwards; I saw Mowrer sign his name to a paper and I saw Winters lay down some money and made the remark that this is within $20.00 of what you wanted and I told you that before I came up, but I did not know what the amount was then at that time; I saw three $20.00 gold pieces and a lot of paper money, but I did not see the paper money to count it; then after the whole transaction was over, George Mowrer asked Mr. Winters whether he wanted security; 'No,' he remarked, 'I don't want security; I have witness here; Mr. Rowe saw me give you this money, and so did Mr. Conrad;' and then I made the remark to both of them; says I, 'How much is it? Four hundred and eighty dollars—he wanted $500—and he was satisfied.'"

The witness was then shown the note and asked whether that is Mowrer's handwriting. He answered, "That is the note, and I am pretty sure it is Mowrer's signature, the way it is filled up; to the best of my knowledge, that is the same note that passed between them at that time; that is about all I know about it; it was John Conrad that was present."

On cross-examination Rowe said, "I saw this note at the time; I saw the face of it; I saw it after he said it was $480; when they came into the bar-room, Lew had the note in his hand; the note that I saw was written for $480, to the best of my knowledge; the 'four' was made with small 'f'; I remember that the 'four' was written with a small 'f'; I am sure that it was written for $480 at that time; this was some time in September, 1889."

At this point the plaintiff offered the note in evidence. It was objected to by the defendant "for reasons that will appear to the inspection of the court" and the learned judge said, "The alterations are not explained." The plaintiff then called John Conrad, who testified as follows:

"Q. State whether or not, about September, 1889, you saw a business transaction between Mr. Winters and Mr. Mowrer, and if so where it was, and what it was? A. I saw a business transaction between them in Danny Frey's saloon. Q. What did you see there? A. I saw Winters count down $480 in money. Q. Who took the money? A. George Mowrer took the money. Q. Did you see a note produced there? Yes, sir;

I saw him sign it. (Note shown witness.) Q. Is that the note? A. Yes, sir. Q. Is that the condition in which the note was at the time it was signed and the money passed? A. I think so. Q. Is this the same note that was signed that day? A. That's the same note. Q. Is this note in the same condition it was when George Mowrer signed it? A. I can't see no difference; it is the same note; there is a letter I know it by. Q. What letter is that? A. The small 'f.' Q. At the head of the 'four'? A. Yes, sir.

On cross-examination, he said: Q. When was this? A. Sometime in September, 1889. Q. Was the little 'f' the only mark that you remembered it by? A. It is the only mark I took notice of. Q. You carried that in your mind did you? A. Yes, sir. Q. How were the figures on the note you saw made? A. That didn't attract my attention at that time; I didn't look at the figures."

The plaintiff again offered the note, and the learned judge excluded it, and said: "You have no explanation as regards the interlineation of the interest, yet."

The plaintiff further offered to show by John Schultz that on the day of the execution of this note Mowrer told him in the morning that he was borrowing $500 from Winters the plaintiff and in the evening, afterwards, said that he had borrowed the money from Winters.

The court said, "It is objectionable at present because the note has not been proven, and you are now endeavoring to recover on the note." Schultz was then asked the following question: "State whether or not on September 23, 1889 in the evening, when you were going home, you and Mr. Mowrer were going home from Lancaster on the train he said to you he had borrowed the money from Mr. Winters the plaintiff? State whether or not on the morning of the 23d of September 1889, you came from New Providence to Quarryville in the same car with and on the same seat with the late George Mowrer, deceased, and whether or not he said to you that he was going to borrow $500 that day from Mr. Winters the plaintiff in this suit, that he was in trouble?" Both of these questions were overruled. The plaintiff then offered to prove his case according to the terms of an amended declaration which had been filed by leave of the court on September 3, 1894.

The learned judge said, "If you surrender the altered note and file a new declaration on your original loan as you say, we will let you go on to trial." The plaintiff refused to surrender the note and a nonsuit was entered. This in our judgment was error. If this case had been submitted to the jury, on this evidence, as it should have been, they might properly have found that this was a genuine note, that the apparent alterations were made with the assent of the defendant Mowrer at the time the note was given to the plaintiff, Winters, and that the defendant at that time received from the plaintiff the sum of $480, the exact amount of the note.

In considering the validity of this compulsory nonsuit it is our duty to assume the truth of the plaintiff's evidence and deduce therefrom every reasonable inference of fact in his favor that might be drawn by the jury: Jones v. Bland, 116 Pa. 190. The testimony of Rowe and Conrad certainly tends to prove that the note was in the same condition as it was when Mowrer signed it. The learned judge however thought that one of the alterations had not been explained. When the note was offered for the third time he said, "You have no explanation as regards the interlineation of the interest yet." On the lower left-hand corner of the note these words are written: "With intrest at five per sint from Date." They are under the words, "without defalcation for value received," and opposite the signature, "George Mowrer."

The learned judge assumed, from an inspection of the note, that these words were interlined, and that they show a material alteration upon its face. The note was submitted to our inspection upon the argument. We are unwilling to say, that these words are interlined or that they show an alteration. They do not appear to be inserted between lines before written or printed. They do appear to be in the same handwriting and the same ink. It is impossible to say from inspection that this interest clause was added after the making of the note, and if there be any doubt upon the subject, the question is one for the jury. In Clark v. Eckstein, 22 Pa. 507, it is said on page 510: "But the preliminary question whether there has been an alteration, if doubtful, is for the jury. In the present case the last figure in the date of the note upon which the suit was brought is blotted and there appears at its side an erasure, but

whether it was the date or the blot that was attempted to be removed was properly left to the jury as a question of fact."

In Randolph on Commercial Paper, vol. 3, p. 896, § 1784 it is said: " The questions whether there has been any alteration and if so, when it was made and by whom and with what intention, are all questions of fact for the jury. So it is for the jury to determine the time and circumstances in which a memorandum was made at the foot of a note."

In Parsons on Notes and Bills, vol. 2, p. 576, it is said: " Whether there be an alteration, and the time of it, the manner of it, by whom it was made, with what authority, or what design or on what grounds are all questions of fact for a jury. But every question that goes to a jury must go with an onus on one party or the other, and we should say that if the alteration be manifest, or if the defendant can show that there is an alteration, he may stop there and the onus is upon the plaintiff to show that the alteration was made under such circumstances in regard to time or person or purpose or justification as would prevent its affecting his rights. We do not mean that the burden is a heavy one; but only that the plaintiff must offer what evidence he can, and the jury will take the question."

As Mowrer was dead the plaintiff Winters could not testify. The attention of the witnesses Rowe and Conrad was not specially directed to the interest clause.

The plaintiff proved by them, however, that the note was in the same condition as when Mowrer signed it, and no heavier burden should have been placed upon him by the learned judge. It was for the jury to say, whether the note had been altered by the addition of that clause, and if so, when, and by whom and under what circumstances the alteration was made.

This case differs materially from Simpson v. Stackhouse, 9 Pa. 186, Gettysburg National Bank v. Chisolm, 169 Pa. 564, and the other cases cited in the able argument of the appellee.

In Simpson v. Stackhouse the words " Payable at the Bank of Pittsburg " were written at the end of the note. In referring to that case, in Bank v. Chisolm, GREEN, J., says, on page 569: " The only circumstance upon which we held the plaintiff, the indorsee, responsible for the alteration was, that the added words were in a different handwriting from the rest of the instrument, which was written by the defendant." In this case

the words, "with intrest at five per sint. from Date," are in the same handwriting as the body of the note, and the appellee admits in his argument that these words "are in the handwriting of Winters, the payee, who had filled up the body of the note."

In Bank v. Chisolm, supra, the words "with interest at six per cent." were added to the note after it had left the maker, and were interlined between the words " *sixty-six* 66-100*ths dollars* " and the words " without defalcation for value received." Mr. Justice GREEN says on page 568 : "It was an entirely undisputed fact in this case that the defendant's obligation in suit was altered, after it left him and without his knowledge or consent. The alteration was made by a visible interlineation of the words 'with interest at six per cent.' That this alteration was not merely a fraud, but was also a criminal forgery of the instrument is manifest upon the present state of the testimony.

From the evidence given on the trial it appears that the alteration was made by the payees' agent, and as the payees are chargeable with knowledge of the state of the instrument when it came to them, and also when it was used by them in bank, they must accept responsibility for the alteration. . . . There is no room for an inference and there is no proof in the case that the alteration was made innocently. It was certainly done for the purpose of increasing the liability of the defendant, and that alone stamps the transaction with fraud and guilt. It is not disputed, indeed it is conceded, that there could be no recovery on this instrument by the payees."

On page 573 he says, " The note in question being before the court, and being shown by undisputed testimony to have been altered without the defendant's consent, and there being no evidence to explain the alteration which was in a material part, or to show that it was lawfully made, was void as against the defendant and no recovery could be had upon it."

In the case at bar, the words were not interlined, and it may be properly inferred that they were not added to the note after it had left Mowrer.

It is to be remembered that this case has been before the Supreme Court and that the note in question was inspected by that court: Winters v. Mowrer, 163 Pa. 239. It appears that

on a former trial there had been a verdict for the defendant. The Supreme Court reversed the judgment of the court below, for the reason that the learned judge had used certain expressions in his charge which unduly increased the plaintiff's burdens. MITCHELL, J., says, page 244: " We do not understand that Mowrer's signature to the note was disputed. Plaintiff has a genuine note, and he was entitled to the benefit of a clear understanding of that fact by the jury as the basis of his case. The issue was whether he had fraudulently altered the amount. What the learned judge meant no doubt was that defendant denied that the note *in its present* form was signed by Mowrer, etc., but the expression used, unfortunately, had a larger scope and tended to give the jury the idea that the defense denied the execution of the note by Mowrer altogether. For this error we are obliged to send the case to another jury."

We are of opinion therefore that the learned judge erred in entering a nonsuit.

We come now to the second question in the case : Has the plaintiff a right to recover on the original consideration, and, if so, can he do so without a surrender or cancellation of the note ?

When the case was before the Supreme Court in Winters v. Mowrer, supra, that court said : " The learned court below treated the note as the cause of action set out in the statement and we cannot say that it was in error in doing so. The procedure act of 1887 requires the statement to be accompanied by a copy of the note, etc., 'upon which the plaintiff's claim is founded,' and the statement in the present case first avers the debt and then follows it, in the same count, with a copy of the note, set out, not according to its legal effect as in a common law declaration, but according to its exact form and tenor as required by the procedure act. In the anomalous and unscientific state to which our pleading is reduced by this act, it is impossible to predicate certainty of anything in regard to it; but this is not a common law declaration, and it has the general characteristic of a statutory statement on the note. The action being upon the note the question of the right to recover on the original consideration discussed by the appellant is not before us."

After the decision of the Supreme Court, the plaintiff, on September 3, 1894, as the record shows, filed an amended state-

ment by leave of the court below in which he set forth, in a second count, a concise statement of his demand upon the original consideration. This we think he had the right to do under the act of May 25, 1887, P. L. 271. That act nowhere provides that the plaintiff's declaration shall consist of one count only. Section 3 provides that "the plaintiff's *declaration*, in each of the said actions, namely, the action of assumpsit and the action of trespass, shall consist of a concise statement of the plaintiff's demand, as provided by the 5th section of the act of March 21, 1806, which, in the action of assumpsit, shall be accompanied by copies of all notes," etc.

In Robinson v. Taylor, 4 Pa. 242, it was held that after an appeal from an award for the plaintiff on a statement on a promissory note, he might under the act of 1806 declare on the original debt for which the note was given, as it is, the same cause of action. The court says on page 244, " as to the amendment of the *narr*, it is enough to bring it within the act of 1806 that the cause of action was exactly the same. The plaintiff might just as well have declared for goods sold, and given the note in evidence. But the case was directly within the mischief provided for."

In Smith, Kline & French Co. v. Smith, 166 Pa. 563, MITCH-ELL, J. says, on page 570: " The objection to the plaintiff's statement cannot be sustained. That it sets out the cause of action more formally and elaborately than is absolutely necessary under the act of 1887, and in so doing uses some of the language of the time-honored forms of declaration, is not a defect. The main requirement of the statement under that act is to secure to the defendant clear and exact information as to what is claimed of him. A common count in the old form, without a bill of particulars would be demurrable for vagueness, but using the general form, with the insertion of the exact dates, amounts and particulars of the contract sued on but with no irrelevant or impertinent matter, could hardly be objectionable for furnishing too much information instead of too little."

The plaintiff's amended statement in the present case sets out concisely the original cause of action, for the money loaned to the defendant, without reference to the note, with the exact dates, amounts and particulars and without any irrelevant mat-

ter.  On the trial, the plaintiff, after the note had been offered
in evidence and rejected by the court, offered to prove his case
" according to the terms of the amended declaration containing
the second count to recover for money borrowed or received."
The learned judge said, " If you surrender the altered note and
file a new declaration on your original loan as you say, we will
let you go on to trial."   As the plaintiff had already with the
leave of the court, filed an amended declaration for the money
loaned, we cannot conceive why he should have been asked to
file another.   Some of the cases cited by the appellee seem to
hold that where a note has been altered in a material part, by
mistake and without any fraudulent purpose, the plaintiff can-
not recover upon the original cause of action.   The weight of
authority however does not sustain this principle.

In Clute v. Small, 17 Wendell (N. Y.), 238, the declaration
was on a promissory note.   It also contained a count for goods
sold, the common money counts and an account stated.   The
defendant pleaded the general issue.—

On hearing, the note declared on was produced and the sig-
nature of defendant proved.   It was in this form :

" $334.00.          '        '         HERKIMER, March 14, 1863.

" Six months after date, I promise to pay to the order of
Messrs. Clute and Bailey, at the Mohawk Bank, three hundred
and thirty-four dollars.   Value received.

                              WILLIAM SMALL."

The defendant objected to its being read in evidence, alleging
that it had been altered in a material part after he had signed
it.   It was then proved that the whole of the note, except the
words " thirty-four " was in the handwriting of defendant and
that these words were in the handwriting of Clute, one of the
plaintiffs.

The court, after stating that there was no considerable evi-
dence to warrant the inference that the defendant had author-
ized the alteration said, on page 243 : " Suppose in this case
the plaintiffs really believed the defendant intended the sum
which was inserted but the referee should differ from them and
think the original sum was intended.   The alteration would
then stand upon a mistake of the fact.   It would be very severe

to say that the original debt should be forfeited. . . .. Finding
the original debt as it appeared to have been made out by the
defendant himself, finding also that he intended to give his
note for that debt but did not by mistake, or that the plain-
tiffs honestly believed in such intent and mistake from the
appearances and made the alteration on a supposed authority
though none in truth existed in point of fact, I can hardly say
they are to be deprived of all remedy."

In Merrick v. Boury, 4 Ohio L. R. 60, a vendee of goods
subsequently to the purchase gave his note for the price.
Afterward the vendors to whom it was payable without any
fraudulent purpose and under an honest mistake of right
materially altered it. It was held that such alteration did
not preclude a recovery upon the original cause of action. On
page 70 the court say: "It is difficult to perceive how the
destruction without fraud of a mere security given by the debtor
himself and the destruction of which can in no event prejudice
him can operate to discharge the precedent debt. Inasmuch
then as we are well satisfied that the alteration in question
was made under an honest mistake of right, we are of the opin-
ion that the plaintiffs below were entitled to recover upon the
original cause of action the amount admitted to be due and for
which the note was given."

In Hunt v. Gray, 35 N. J. L. R. 227, it was held that if an
instrument be altered by the party holding, by mistake or with-
out any fraudulent intent such alteration will not impair the
right of suit founded on the consideration for which such in-
strument was given. On page 234 the court say, "It is clear
from the evidence that the note was not altered with any fraud-
ulent purpose, and this being the case the original cause of
action will remain even though the change in the note is to be
imputed to the plaintiff. The consideration of the note was
the sale of the horse, the property of the plaintiff—and if the
note is to be regarded as destroyed in law by the act of the
plaintiff, such act being devoid of fraud, such consideration
will support the suit. The defendant in this case asks this
court to decide that he may keep the plaintiff's horse without
paying anything for him because the agent for the plaintiff,
under an erroneous idea of his rights, made the alteration in
question and which has not in the least degree affected the

defendant. The judge at the circuit therefore very properly held that even if the note in this case was unavailable, the plaintiff was entitled to recover the agreed value of the horse on the common counts."

In Lewis v. Schenck, 18 N. J. Eq. R. 459, the note was altered by the agent of the plaintiff in the absence of defendant by adding the words "with interest from date."

The chancellor said on p. 460, "The alteration of the note by Vanderbeck was of a material part and not authorized by the makers either directly or by implication from the fact that it was intended to be given with interest. The proof shows that it was not so intended. But Vanderbeck thinking that such was the intention supposed he had power to correct it and made the alteration for that purpose. He made the alteration without any fraudulent intent but under a mistake of the facts. In such case although the alteration avoids the note yet it leaves the original debt unpaid."

The contention of the appellee is that where there has been an alteration in a negotiable instrument, even without fraudulent intent, there can be no recovery on the original consideration unless the altered instrument is surrendered or canceled. The learned judge in the court below virtually affirmed this proposition by refusing to permit the plaintiff to put in any evidence as to the original consideration unless the plaintiff would surrender the note. We think this was error. In support of this proposition cases are cited by the appellees from the New York and New Hampshire reports and from those of other states. We have not been able however to find any cases in this state which establish such a principle. Nothing more is required of the plaintiff than the production of the note on the trial.

In Hays v. McClurg, 4 Watts, 452, it was held that if a negotiable note be given for goods which had been previously purchased and charged to the purchaser a recovery cannot be had in an action on the original contract without producing the note or satisfactorily accounting for its absence or proving its loss.

In Small v. Jones, 8 Watts, 265, SERGEANT, J., says on page 266: "If a person lend money and take a note, payable at a future day in payment of it, and then parts with the note for a valuable consideration he cannot sue, either on the note or

on the original cause of action, till he has taken up the note. If he could the debtor might be liable to two suits : one by the holder upon the note and the other by the creditor on the original cause of action.   Where the note is outstanding in the hands of an agent of the creditor, or of one who has paid no consideration, it is sufficient to produce it at the trial as was held in Burden v. Halton, 4 Bing. 454.   But the case is different where it has been parted with for a valuable consideration received by the creditor."

In Brown v. Scott, 51 Pa. 357, STRONG, J., says on page 364, " Undoubtedly there is a large class of cases in which it has been asserted that when a negotiable note has been given for an antecedent debt, though it may not have extinguished that debt courts will not suffer the creditor to sue and recover on the original contract unless the note has been lost or destroyed, or is produced and canceled at the trial.   And some of the cases go to the extent that the right to sue for the original consideration is suspended while the note is outstanding in the hands of an assignee or indorsee for value.   Such is the principle of Small v. Jones, 8 Watts, 265.   To determine rightly how far the principle is applicable we must regard the reason upon which it is founded.   That reason is that if the creditor might sue on the original cause of action the debtor would be exposed to two suits, one brought by the creditor and one by the holder of the note which would be a hardship.

The rule then is made for the benefit of the ·maker of the note and is irrespective of the payment of the debt.   The reason is inapplicable to the present case."

It is true that in those cases the notes had not been altered. Nevertheless we are of opinion that the reasoning of the Supreme Court is applicable to the present case.   Winters had never parted with the note.   Why should he have surrendered it at the trial when the note had been declared upon and was then within the control and practical custody of the court and subject to an order of the court which would have fully protected the defendant.   Under the authorities above cited the plaintiff should have been permitted to present his testimony as to the original consideration without surrendering the note. Of course if it appeared that the note had been fraudulently

altered there could have been no recovery on either count of the declaration.

In our judgment the plaintiff upon the evidence produced at the trial should have been permitted to go to the jury, both upon the note and upon the original consideration.

Judgment reversed and venire de novo awarded.