# Gettysburg National Bank, Appellant, *v.* C. M. Gage.

*Negotiable instruments—Alterations—Evidence—Burden of proof.*

Where the defense to a suit on a negotiable promissory note is that it was altered in a material part after it was signed and delivered by the maker, and the alteration is not so far apparent on an inspection of the paper as to raise a suspicion of its purity, the burden of proof rests on the defendant. If, however, there is an apparent alteration, the burden of proving that it was lawfully made or that the paper is in the same condition as when it was issued rests on the party offering it; and the court will refuse to receive it in evidence until some explanation of the apparent alteration has been made. The quantity and character of proof required to carry the question to the jury must depend upon the circumstances of each particular case.

*Stare decisis—Weight of precedent—Dependent upon facts.*

In determining whether a conclusion of law in any adjudicated case is a precedent in a subsequent one, the value of the first, usually, is measured by its similarity or dissimilarity to the second in its controlling facts. And even if the court, announcing the conclusion, misapprehends or mistakes the facts, the conclusion to be of any value as a precedent must be taken as applicable to the facts as assumed by the court: they, as concerns the judgment, are the facts, and whether existing or nonexisting, either prompt or compel the conclusion of law that determines the judgment.

Argued March 16, 1897. Appeal, No. 27, March T., 1897, by plaintiff, from judgment of C. P. Huntingdon Co., Feb. T., 1895, No. 28, on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, REEDER and SMITH, JJ. Reversed.

Assumpsit on promissory notes. Before BELL, P. J., specially presiding.

Suit was brought on two promissory notes, each dated March 26, 1892, one at one year for $66.66, and the other at two years for $66.67. The notes contained the written words "with interest at 6%." The allegation of the defense was that this was an alteration.

Other facts appear in the opinion of the court.

The trial judge directed a verdict for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned*, among others, were, (1) In its rulings or instructions to the jury, which ruling or instruction is as fol-

lows: " The alteration in question is the interlineation 'with
interest at 6 per cent.' A similar alteration in a similar note
has been passed upon by the Supreme Court in Gettysburg
National Bank v. Chisolm, 169 Pa. 564, and in that case the
Supreme Court decided that before the note was admissible, it
was incumbent upon the plaintiff to show that such alteration
was made either with the consent of the maker, or prior to his
signature." (4) In overruling the offer of the plaintiff to read
the two notes signed by C. M. Gage to the jury, namely, one
thereof dated March 26, 1892, to the order of E. Bennett & Son,
and by them indorsed, payable one year after date at the First
National Bank of Huntingdon, Pa., for the sum of $66.66, in-
terest at 6 per cent, without defalcation, value received, indorsed
E. Bennett & Son, signed by C. M. Gage. Also, like note to
the order of E. Bennett & Son, bearing date March 26, 1892,
payable two years after date at the First National Bank at Hunt-
ingdon, Pa., for the sum of $66.67, with interest at 6 per cent,
indorsed ' E. Bennett & Son,' signed 'C. M. Gage,' which offer,
in connection with the production of the notes, was as follows:
' The plaintiffs having offered the two notes signed by C. M.
Gage, and having called the preliminary proof (erroneously
stated by the reporter that is contained in the said notes) the
plaintiff now offers to read the notes to the jury."

By defendant's counsel Waite: Defendant renews its ob-
jection to the admission of the notes, for the reason that the
interlineation has not been sufficiently and affirmatively proven.

S. T. Brown for defendant: We rest this case on the fact
that there was an interlineation made which has not been ex-
plained, and I don't think it makes a particle of difference
about the handwriting or what is said about the handwriting.
Gettysburg Bank v. Chisolm rules this case and it rules on the
interlineation and not on the handwriting.

Ruling of the court thereon is as follows: The alteration in
question is the interlineation " with interest at 6 per cent." A
similar alteration in a similar note has been passed upon by the
Supreme Court in Gettysburg National Bank v. Chisolm, 169
Pa. 564, and in that case the Supreme Court decided that be-
fore the note was admissible, it was incumbent upon the plaintiff
to show that such alteration was made either with the consent
of the maker or prior to his signature. We feel that this case of

Gettysburg National Bank v. Chisolm rules the present controversy, inasmuch as the opinion of Mr. Justice GREEN deciding that case is not based upon the idea that the fact that the alteration is not in the same handwriting as the writing in the body of the note is the material question, and an examination of his opinion in the Gettysburg National Bank v. Chisolm fails to convince us that he attached any importance to the fact that the note then in question, or the alteration in the note then in question was in a somewhat different handwriting from the writing in the body of the note. The plaintiffs have attempted to account for the alteration, but in this, we think they have failed. In the case of C. M. Gage, defendant, they have shown at most only that he will not swear that it was not in, but he does swear that he thinks that the alteration or interlineation was not in the note when he signed it. In the case against Dr. Barnhart, defendant, they have not shown even this—furthermore, the plaintiffs have called their assistant cashier, and have purged themselves of any connection with the alteration; but we think that Kennedy v. The Bank, 18 Pa. 347, is an authority squarely to the effect that such testimony on the part of the plaintiff is insufficient to warrant the admission of the note, and a careful examination of the case of Winters v. Mowrer, 1 Pa. Superior Ct. 47—has failed to convince us that our present ruling is in conflict with the opinion of the Superior Court in the case of Winters v. Mowrer. True, the present ruling may seem to be in conflict with some expressions of Judge McCARTHY in the opinion of Winters v. Mowrer, but we think that case really turned upon the point that plaintiffs had called a witness or possibly two witnesses, who testified that when the note was signed, they thought it was in the same condition it was when produced at the trial; but.in the present case, the most that plaintiffs show is, the witness called by the plaintiff, to wit: the defendant on cross-examination swears that he thinks it was not in this condition; or he swears that he thinks the words 'with interest from date' were not in the note when he signed it. Taking this view of the law we overrule the offer; and seal a bill for the plaintiff. Verdict accordingly." (5) In directing a verdict for defendant.

*A. O. Furst* and *John D. Dorris*, for appellant.—The court

below fell into error in ruling this case not only on the law but on the facts of Bank v. Chisolm, 169 Pa. 564.

In view of the facts presented by the two cases, Bank v. Chisolm does not rule this case; on the contrary the dissent of Mr. Justice MITCHELL in the Chisolm case applies with greater force to the present case, and the question of when the alleged alteration was made was one clearly to go to the jury: Clark v. Eckstein, 22 Pa. 507; Winters v. Mowrer, 1 Pa. Superior Ct. 47.

The alleged alteration not being apparent on the face of the instrument, the burden of proof was on the party alleging it: U. S. v. Linn, 1 Howard, 104.

If it be doubtful whether the note has been altered, the preliminary question whether it has been altered is for the jury to determine: Clark v. Eckstein, 22 Pa. 507; Heffner v. Wenrich, 32 Pa. 423.

*Chas. G. Brown*, for appellee, relied on Bank v. Chisolm, 169 Pa. 564.

A holder ought not to accept a bill which has the least appearance of alteration: Paine v. Edsell, 19 Pa. 178; Hartley v. Corboy, 150 Pa. 23.

The onus of proof as to the alteration is upon the party alleging that it was made lawfully: Hartley v. Corboy, 150 Pa. 23; Nagle's Est., 134 Pa. 31; Bank v. Chisolm, 169 Pa. 564.

OPINION BY RICE, P. J., April 19, 1897:

The contention in the present case is that the words "with interest at 6 per cent" were interlined after the notes were signed. They have been exhibited to us and we have had the same opportunity to inspect them that the court below had. The only evidence apparent on the face of the notes to sustain the defendant's contention, or to excite suspicion even, is that the words do not occupy the whole line and that they begin a little to the right of the other lines. It was said in Bank v. Chisolm, 169 Pa. 564, that this was sufficient to put the discounting bank upon inquiry, and we do not purpose to depart from that decision. But against the weak presumption arising from the single circumstance to which we have referred, it is to be observed that, (1) a printed blank was used and that there

was no place for inserting the written words except in the space between the dollar line and the printed line "without defalcation for value received;" (2) the words could be, and were, inserted there without break or crowding the other lines or diminishing the size of the letters; (3) they appear to be in the same handwriting and to have been written with the same ink as the body of the note. All of these things are observable upon an inspection of the papers.

In addition, a witness of experience in judging handwriting testified that in his opinion the handwriting of the words "with interest at 6 per cent" was of the same age as that of the body of the notes. The defendant being called for cross-examination would not swear positively that the words were not on the notes when he signed them, but testified that he was "pretty certain that they were not there." His testimony might very easily be explained upon the theory that he did not notice them. This is a very different case from Bank v. Chisolm in which the decision was predicated on the "entirely undisputed fact in this case that the defendant's obligation in suit was altered, after it left him, and without his knowledge or consent." Considerable is said in the paper-books as to the evidence in that case, but as was said by Mr. Justice DEAN in Yoders v. Amwell Twp., 172 Pa. 447: "In determining whether a conclusion of law in any adjudicated case is a precedent in a subsequent one, the value of the first, usually, is measured by its similarity or dissimilarity to the second in its controlling facts. And even if the court, announcing the conclusion, misapprehends or mistakes the facts, the conclusion to be of any value as a precedent must be taken as applicable to the facts as assumed by the court; they, as concerns the judgment, are the facts, and whether existing or non-existing, either prompt or compel the conclusion of law that determines the judgment. For that reason it would be a waste of time to notice the controversy here between counsel as to what were the facts in" (the case cited); "for our purpose and as a precedent in all cases after it was decided, the facts, as stated in it by this court, must be taken as correct."

Another fact of very great significance, which bears directly on one of the notes and inferentially on the other, and which plainly distinguishes the case from Bank v. Chisolm, is this: The two notes offered in evidence together with a third were

executed at the same time and were parts of one transaction. They were made payable in one, two and three years respectively. In one of the two notes offered in evidence the upper part of the first letter of the defendant's signature appears to have been written over the lower part of the letter " p " in the words " per cent." This can be seen with the naked eye and still more plainly under a glass. The irresistible inference from the appearance of the paper is that the words " with interest at 6 per cent " were on the paper when it was signed. We do not mean to say that this shuts out proof to the contrary, but only that this is the appearance that the paper presented when it was offered. Obviously, it is no answer to say that the attention of the trial judge was not specifically called to the fact that the defendant's signature appeared to have been written as described; the note was submitted to the court for inspection, and we must take the record as we find it.

Where the defense to a suit on a negotiable promissory note is that it was altered in a material part after it was signed and delivered by the maker, and the alteration is not so far apparent on an inspection of the paper as to raise a suspicion of its purity, the burden of proof rests on the defendant. If, however, there is an apparent alteration the burden of proving that it was lawfully made or that the paper is in the same condition as when it was issued, rests on the party offering it; and the court will refuse to receive it in evidence until some explanation of the apparent alteration has been made. The quantity and character of proof required to carry the question to the jury must depend upon the circumstances of each particular case.

As we have shown, one of the notes needed no explanation of the words " with interest at 6 per cent " to entitle it to be admitted in evidence. Conceding that the other note did, it is certainly not a case where the presumption was strong that the words were interlined after signing, or where the burden cast on the plaintiff was a heavy one : Winters v. Mowrer, 1 Pa. Superior Ct. 47 ; Clark v. Eckstein, 22 Pa. 507. The ultimate decision of the question as to the alteration of the notes rested with the jury, and we are of opinion upon all the facts to which we have called attention that the plaintiff was entitled to have it submitted to them, under the proper instructions.

The judgment is reversed and a venire facias de novo is awarded.