ANGLO-AMERICAN LAND MORTGAGE & AGENCY CO., Limited, v. WOOD. SAME v. HAYWOOD. SAME v. LEWIS.

(Circuit Court, E. D. Pennsylvania. February 21, 1906.)

Nos. 97, 98, 99.

1. ACTION—JOINDER OF CAUSES—LAW GOVERNING.

The right of a plaintiff to join different causes of action in the same suit is to be determined by the law of the place where the suit is brought.

2. SAME—SUIT AGAINST STOCKHOLDERS.

The double liability of stockholders in corporations under the Constitution and laws of Kansas, while statutory, is contractual in its nature;

and under the law of Pennsylvania which permits the joinder of causes of action on contract in the same suit, a judgment creditor of a Kansas corporation suing a stockholder in a federal court in Pennsylvania may join in his statement of claim a count, based on Gen. St. Kan. 1889, c. 23, § 32, giving him a right of action because of the insolvency of the corporation, and one based on section 44, giving him a right of action because of its dissolution.

At Law. On rule to compel plaintiff to elect upon which cause of action in its statement of claim it will proceed.

Duane, Morris, Heckscher & Roberts, for plaintiff.

Dickson, McCouch & Glasgow, for defendants.

HOLLAND, District Judge. Under the Constitution and laws of the state of Kansas, stockholders of certain corporations of the state are liable to creditors of the corporation to an amount equal to the stock owned by each stockholder.

Upon section 32, c. 23, Gen. St. 1889, the creditor has a right to proceed against the stockholder because the corporation is bankrupt, though not necessarily dissolved; and under section 44, of same chapter, because the corporation is dissolved, though not necessarily a bankrupt. Cottrell v. Manlove, 58 Kan. 405, 49 Pac. 519. In these cases, the Kansas corporation, of which the defendants are stockholders, is both bankrupt and dissolved. Judgments have been obtained by creditors against the corporation in Kansas, and it is conceded that a dissolution has been effected under the laws of that state.

The plaintiff brought suit in this district against the above-mentioned defendants to recover against them on their double liability as stockholders of the Kansas corporation, and in its statement of claim it has combined both remedies authorized by the two sections above mentioned in two separate counts. It is contended by the defendants that the Supreme Court of Kansas, in the case of Cottrell v. Manlove, supra, has decided that both grounds of recovery cannot be included in a statement of claim in one suit. There are some expressions in this case from which this conclusion might be drawn, but whatever the law in Kansas is in regard to the joining of different causes of action in the same suit, these suits are to be controlled as to the pleadings by the laws of the state of Pennsylvania. Matters respecting the remedy depend upon the law of the place where the suit is brought. Bank v. Donnally, 33 U. S. 361, 8 L. Ed. 974; Scudder v. Union Bank, 91 U. S. 406, 23 L. Ed. 245; Pritchard v. Norton, 106 U. S. 124–130, 1 Sup. Ct. 102, 27 L. Ed. 104.

The liability of the stockholders in these cases, though statutory in origin, is contractual in its nature (Anglo-American Land Co. v. Lombard, 132 Fed. 729, 68 C. C. A. 89); and under the Pennsylvania Practice Act of 1887 (P. L. 271), both these remedies can be declared upon in different counts in an action of assumpsit. In Jones v. Conoway, 4 Yeates (Pa.) 109, the Supreme Court of Pennsylvania declared that the question is whether the action is founded on tort or contract; if the former, it may be joined with any tort, and if the latter, with any contract. In Robinson v. Taylor, 4 Pa. 242,

the plaintiff was permitted to declare on a promissory note in one count, and on the original debt in another. In Winters v. Mowrer, 1 Pa. Super. Ct. 47 (since the enactment of the practice act of 1887) plaintiff was permitted to declare on a promissory note and upon the original indebtedness in different counts. In Fairchild v. Furnace, 128 Pa. 485, 18 Atl. 443, 444, the plaintiff was permitted to join in one suit a claim for trespass for cutting timber and in a separate count for treble damages under the statute. In the case of Brown v. Bank (C. C.) 34 Fed. 776, Justice Brewer, in the Eighth Circuit, now of the Supreme Court, held in effect that two causes of action, similar in their nature, can be joined in a declaration by separate counts. In commenting upon the declaration in that case he said:

"The demurrer raises, first, the question of a misjoinder of causes of action. Obviously this is not well taken, for a demurrer lies on the ground of misjoinder only when there are two causes of action united in one complaint, which, by reason of a dissimilarity in their nature, ought not to be prosecuted together, as, for instance, one cause of action in ejectment with one for libel. Under the statutes, no such joinder can be had. Here, even if there were two different transactions—two separate causes of action for the recovery of distinct and independent assets—each cause of action would rest upon an implied promise to pay, would be similar in nature, and the two could be joined in one complaint. As a matter of fact, there is but one cause of action stated in two counts."

Rule to show cause dismissed.