## Jones et al. *versus* Bland et al.

1. If the plaintiff in ejectment claims by descent, it is sufficient for him, in the first instance, to prove his heirship, and that the ancestor from whom he derives title was the person last seised of the premises in controversy. If he claims as devisee he must, in like manner, prove the will and seisin of his devisor.

2. The seisin of the ancestor or devisor may be proved by showing he was in actual possession of the premises at the time of his death, or in receipt of rent from the terre tenant; because possession is presumptive evidence of seisin in fee until the contrary is shown.

3. When the title to real estate is, in the wife, in her own right, the presumption is that the joint possession of herself and husband is in subordination to her recorded title. If the husband be the devisee for

[Jones v. Bland.]

life of said real estate under her will, the presumption is that his continuance in possession after her decease is as tenant for life under the will. Upon his death, therefore, the devisees in remainder are entitled to the possession as against his widow or any other stranger to the title.

January 21st, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 3, of *Philadelphia county:* Of January Term, 1885, No. 332.

Ejectment by Thomas Jones and Catharine Jones his wife, in right of the wife; Owen Owens and Grace Owens, his wife, in right of the wife; and David Williams by Thomas R. Hughes, his guardian, against Jennie Bland, Willis O. Smith, Jennie Smith, and Margaret Brown for No. 125 Wyoming street, Philadelphia. Plea, not guilty.

The following are the facts as they appeared on the trial of the case before LUDLOW, P. J.

In August, 1865, Grace Bland, wife of Aneurin Bland, purchased the premises in dispute of Emeline Ford, wife of John M. Ford, for 1,800. While the title stood in the name of Emeline Ford, a judgment was recovered against her husband, and the property was sold at sheriff's sale to H. McIlvane as the property of John M. Ford. He subsequently conveyed the interest thus acquired at the sheriff's sale (if any) to Jesse T. Vogdes. No steps were ever taken to obtain possession under the alleged title procured at sheriff's sale, but Mrs. Bland preferred to have this alleged title conveyed to her to make her title perfect, and she therefore had a deed made to her of the property from Jesse T. Vogdes and wife for $260.

Grace Bland took possession of the premises immediately thereafter, and lived there with her husband until her death in 1872. By her will, duly probated, she devised her property to her husband for life, and, upon his death, to the plaintiffs in equal parts. After her death, Aneurin Bland, her husband, re-married with Jennie Bland, one of the defendants, and they lived upon these premises until the death of Aneurin Bland, which occurred in 1878, leaving his widow in possession. His widow has since married Willis O. Smith, the other defendant, and they still hold possession of the premises. Margaret Brown, the third defendant, was a tenant of the widow Jennie Bland, who married Smith, paying her rent for part of the premises.

After the death of Aneurin Bland, the plaintiffs, the devisees under the will of Grace Bland, brought ejectment against the widow, and, as she had re-married, they were compelled to issue alias writs to bring in her husband, Mr. Smith.

The plaintiffs contended that, having proved the possession

2 AMERMAN—12

of Grace Bland under deeds made to her of the premises in dispute, her will, her death in possession, the possession of Mr. Bland under her, his re-marriage and death, the possession of the premises by his widow under her husband's possession, her re-marriage and the taking into possession with her of Willis O. Smith, her husband, they made out a case entitling them to a verdict.

The plaintiffs presented the following point: That the plaintiffs are entitled to recover the premises, and the verdict must be for the plaintiffs and for so much damages as the property would rent for.

Answer of the court: "I decline to charge as suggested by the counsel for the plaintiffs, that the plaintiffs are necessarily entitled to recover in this suit. The determination of the suit will depend upon your answer to the question of fact now submitted to you."

In the general charge the court instructed the jury, *inter alia*, as follows:

Now, if upon the face of our record, with the evidence before the court, the plaintiffs have made out a *prima facie* title, then, and only then, is the defendant called upon to answer; or the defendant may do as he has done in this case, go to the jury upon the question whether that title has been made out or not. He is not bound to offer evidence of his title. He may have the best title in the world, but he is not bound to offer it. He therefore appeals to you for a verdict upon the ground that the plaintiff's title as proved is radically defective, and therefore the plaintiff cannot recover upon it.

What is this title, thus established? In the first place, we have a deed from John M. Ford and wife to Grace Bland, the wife of Aneurin Bland. Then, in addition to that deed, which is dated August 11th, 1865, we have a deed from Jesse D. Vogdes and wife to the same—that is, to Grace Bland, the wife of Aneurin Bland, which is dated August 22d, 1865, in the same month and in the same year, and for the same premises. Then, a will, or a copy of a will, is produced in evidence, being a will of Grace Bland, who died, and whose property it is alleged this was, which was dated the 29th day of March, 1872, and probated June 13th, 1872, by which will I may state briefly the plaintiffs took a title, as is alleged, to this property; that will, as I now remember it, being in favor of the husband of this deceased lady for life, with remainder specially to the plaintiffs in this suit. If it was only necessary for these plaintiffs to establish possession in Grace Bland when she died, then their title would be in my judgment perfect, and would establish their case, unless answered by the defendants. But, in a case of this description, as has been well said by one of the

[Jones *v.* Bland.]

counsel here (Mr. Crawford), there are three methods by which the plaintiffs may establish it. They might have shown a series of deeds and warrants from the Commonwealth down to the present hour, or to this will of Grace Bland, which is the same thing and under which they claim. They might have shown long possession, for a long series of years, which had been an adverse possession, and that would have given them a *prima facie* title; and, lastly, they might have shown possession under a common grantor, and then rested their case, but, in my judgment, they must in point of law show that the party from whom they derived title was in possession of the property; that is, as to Bland and his wife their will came from a party in possession of the property, and in this instance there are two people who it was alleged were in possession, the one is a man named Hugh McIlvaine, about whom there is no evidence in this cause, and the other is as to the possession of a man named John M. Ford and his wife, as to whose possession there is testimony in the case, and that testimony presents the only question of fact for you to decide. . . . .

If, gentlemen, you find that Ford was actually in possession at the time spoken of by the witness, Hopkins, you will find for the plaintiffs, and you will give as damages the amount of those *mesne* profits, which will be stated to you by counsel.

[If you find, under the testimony, that Ford was not in possession, you will find for the defendants, without saying any more.]

Verdict for defendants and thereupon judgment, whereupon the plaintiffs took this writ, assigning for error, *inter alia*, the answer to their point and that portion of the charge included within brackets.

*Thomas R. Hughes* and *David C. Harrington*, for plaintiffs in error.—Every possession where there is title is presumed to be in subordination to it. Hence the possession of Grace Bland must be presumed, in absence of testimony, to be under her deeds, and the husband is also presumed to be in, under the title of his wife, and after her death as tenant for life under her will: Clark *v.* Trindle, 2 P. F. S., 492, 495.

The second wife of A. Bland, upon his death, became a tenant by sufferance, is an intruder, and cannot dispute the title of the plaintiff: Asher *v.* Whitelock, 1 L. R. Q. B., 1.

The widow of a tenant for life, who continues in possession without any contract between herself and the owner of the land, holds in subordination to his title, and not adversely; she is at least a tenant by sufferance.

The subsequent marriage of such widow does not change the character of her possession: the second husband occupies

[Jones *v.* Bland.]

the premises in right of his wife, and his possession during her life is in privity with the owner's title, and not adverse to it: Bannon *et al. v.* Brandon, 10 Casey, 263.

As against a defendant who showed no title and who is a mere intruder the plaintiff need only prove title in his ancestor, who died in possession of the premises, to recover: Mobley *v.* Bruner, 9 P. F. S., 481.

The plaintiff in ejectment need not go further back in deducing title in the first instance than the will of the testator under whom he claims, who died seized of the land. The law presumes a fee simple in the devisor, unless the contrary is shown: McHenry *v.* McCall, 10 Watts, 470: see also Lessee of Miller *v.* Wilson, 2 Yeates, 294.

In ejectment by the heirs of one who died seized, against the widow and her second husband, it is not necessary for the plaintiff to show title in the ancestor: Cook *v.* Nicholas, 2 W. & S., 27.

If the law is correctly stated in Cook *v.* Nicholas, the converse is equally true that where title is in the name of the wife, it is sufficient for the heir or devisee to prove title in the wife, and this is certainly done by showing deed to the wife and her possession.

*Crawford* (*A. A. Hirst* and *Dallas* with him), for defendants in error.—The case was without any evidence of any possession by the grantors of Grace Bland, or even by her, prior to, or exclusive of, the possession of her husband, the plaintiffs proving only that she died living with her husband in possession, and the plaintiffs in error are thus left to stand only on such a possession as sufficient to make out their case.

But it is clear that even as against an intruder the plaintiffs must show a title from a prior, and an exclusive, not a mixed or concurrent, possession: 7 Albany Law Journal, page 402, and cases cited; Tyler on Ejectments, pages 72, 73, 105, 204, 685.

Mr. Justice STERRETT delivered the opinion of the court, February 1st, 1886.

While it is undoubtedly true that a plaintiff in ejectment must recover on the strength of his own title and not on the weakness of his adversary's, it is not always necessary for him to commence by proving title out of the Commonwealth, and then to trace each successive transfer down to himself. If, for example, both parties claim under the same person, there is an implied admission of title in him. In like manner, the fact that defendant acquired his possession as tenant of plaintiff warrants a presumption of title in the latter. Again, if

plaintiff claims by descent, it is sufficient for him, in the first instance, to prove his heirship, and that the ancestor from whom he derives title was the person last seised of the premises in controversy. If he claims as devisee, he must, in like manner, prove the will and seisin of his devisor. The seisin of the ancestor or devisor may be proved by showing he was in actual possession of the premises at the time of his death, or in receipt of rent from the terre tenant; because possession is presumptive evidence of seisin in fee until the contrary is shown: Adam's Ejectment, 324–28. As early as Shrider v. Morgan, 1 Dal., 68, it was said the plaintiff, in the first instance, is not "obliged to show his title further back than from the person who last died seised, first showing title out of the proprietaries or the Commonwealth." In some cases, the fact that the Commonwealth has parted with her title is so notorious as to render strict compliance with the latter requirement unnecessary. In such cases it may be safely assumed, as was done in this case, that the title is out of the Commonwealth. With this qualification, the rule of evidence above quoted has always been followed. As against a defendant who is a stranger to the ancestor or devisor from whom plaintiff derives title, the latter is, *primâ facie*, entitled to recover on showing that his ancestor or devisor died in possession of the premises: Mobley v. Bruner, 59 Pa. St., 481.

Plaintiffs in this case are the devisees of Grace Bland, first wife of Aneurin Bland. The testimony shows she purchased the property in August, 1865, and about a week after paying the purchase money and receiving the deeds, which were duly recorded, she went into possession with her husband, and remained there until her death in 1872. By will, duly probated, she devised the premises to her husband for life, and the remainder in fee to plaintiffs. After her death, Aneurin Bland, the husband, married one of the defendants, Jennie Bland, and they continued in possession until his death in 1878. His widow remaining in possession, afterwards married Willis O. Smith, another of the defendants, and they are still in possession. The remaining defendant went into possession of part of the property under the widow, Jennie Bland, as her tenant.

Having given in evidence the will of their devisor, Grace Bland, the deeds from Ford and wife and Vodges and wife, conveying the premises to her in fee, with testimony tending to prove that she purchased and paid for the property, went into possession in pursuance thereof, and there remained until her death; and also testimony tending to prove that Ford, the grantor in one of the deeds referred to, was in possession of the premises when he conveyed to Grace Bland, the plain-

tiffs claimed they were entitled to recover, and requested the court to so charge; but the learned judge declined to do so, and, on the contrary, instructed the jury that if Ford was not in possession when he conveyed to Mrs. Bland, they should find for defendants. The case was thus made to turn on the fact of Ford's possession. The defendants had assailed the credibility of the only witness who testified to that fact, by showing that, on the subject of Ford's possession, he had previously testified differently. The jury evidently refused to credit his testimony on the only question of fact submitted to them, and accordingly rendered a verdict in favor of defendants.

The contention of plaintiffs now is that possession by Ford, or either of the grantors of Grace Bland, was an immaterial fact; that, even without proof of such possession, they had made out a *primâ facie* case, and were entitled to recover. In this we think they were right. The testimony as to Grace Bland's purchase, payment of purchase money, possession in pursuance thereof from that time until her death in 1872, was not seriously controverted; at least it was quite sufficient to have warranted the jury in finding these facts. If so, the plaintiffs, as her devisees, had made out a case which, *prima facie*, entitled them to a verdict. This is not a contest between plaintiffs and creditors of their devisor's husband, nor is there any evidence tending to show that she was a mere trustee for him. If it were even shown that he paid for the property, the presumption would be that it was intended as a gift to her. In a suit, not between a wife and her husband's creditors, a former purchase of the husband's estate at sheriff's sale in the name of the wife, without more, raises the presumption of a gift and not a trust: Bowser *v.* Bowser, 2 W. N. C., 624. In that case a wife, who was without separate property, obtained a sheriff's deed for her husband's estate. In ejectment, brought by her heirs at law against the second wife of her then deceased husband, it was held that by her purchase at sheriff's sale the first wife did not become a trustee for her husband.

The conveyances from Ford and others being to Mrs. Bland in her own right, the presumption is that the joint possession of herself and husband was in subordination to her recorded title: Clark *v.* Trindle, 52 Pa. St., 495; and, for same reason, the presumption is that his continuance in possession after her decease was as devisee of the life estate under her will. Upon his death, therefore, the plaintiffs, as her devisees in remainder, were entitled to the possession, as against his widow or any other stranger to the title.

It is said the jury discredited the testimony of the only

[In re Private Road in Redstone Township.]

witness by whom the payment of purchase money and possession in pursuance of the conveyance was proved. His testimony on that subject was not assailed, nor was it submitted to the jury. As we have seen, the only question of fact submitted to them was the alleged possession of Ford. As the case stood, that fact was not essential to the right of plaintiffs to recover, and hence there was error in submitting the case on that question.

Judgment reversed, and a *venire facias de novo* awarded.