JONES ET AL. v. BLAND ET AL.

ERROR TO THE COURT OF COMMON PLEAS NO 3 OF PHILA-
DELPHIA COUNTY.

Argued April 6, 1887—Decided April 25, 1887.

1. A motion for a compulsory nonsuit being substantially the same as a demurrer to evidence, it is the duty of the court to assume the truth of the plaintiff's evidence and to deduce therefrom every reasonable inference of fact in his favor.

2. In an ejectment it is not always necessary for a plaintiff first to show title out of the commonwealth. If the plaintiff claim as devisee, it is sufficient in the first instance to prove the will and seizin of the devisor, and the latter may be proved by showing that the devisor was actually in possession or was receiving the rents as landlord at the time of his death.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; PAXSON, J., absent.

No. 252 January Term 1887, Sup. Ct.

This was an ejectment by Thomas Jones and Catharine, (late Kate Williams), his wife, in right of said wife, Owen Owens and Grace Owens (late Grace Williams), his wife, in right of said wife, and David Williams by Thomas R. Hughes, his guardian, against Jennie Bland, Willis O. Smith, Jennie Smith and Margaret Brown, to recover the property No. 125 Wyoming street, Philadelphia.

On the trial, the plaintiffs rested after having introduced evidence of the facts sufficiently set forth in the opinion of

this Court, whereupon on motion of the defendants a judgment of compulsory nonsuit was entered. A motion to vacate the judgment of nonsuit was afterwards denied, the court, HENRY REED, A. J., delivering this opinion:—

This case, which has already been passed upon more than once, comes now before the court in a shape which differs essentially from any in which it has before been presented.

The plaintiffs show that Grace Bland, under whose will they claim, was the grantee of the premises in dispute in a deed made by one Ford in the year 1865, and that she went into possession, occupying the whole or a portion of the property with her husband, Aneurin Bland. No purchase money was paid by her, as far as the evidence showed, and no title or any act indicative of a claim of title was shown on the part of her grantor, Ford. The evidence also showed that the defendants, Jennie Smith and Willis O. Smith, were respectively the second wife of Aneurin Bland (whom he married after the death of Grace Bland), and the second husband of Aneurin Bland's widow, Jennie. But there was no evidence that the defendants claimed either under Grace Bland or Aneurin Bland.

For all, therefore, that appears in this stage of the controversy, the suit may be merely a struggle for the possession of land between persons who are alike intruders upon it, and to settle such disputes courts of justice do not sit.

The case of Jones v. Bland, 112 Penn. St. 181, proceeded upon a dissimilar state of facts. There was there some proof of the payment of purchase money by Grace Bland, and the issue below had been made to turn exclusively upon a single question, namely, that of Ford's possession, which was at best but one element in the case.

The motion, therefore, to take off the nonsuit is refused.—

The plaintiffs then took this writ, and specified that the court below erred in entering the judgment of nonsuit and in refusing to vacate it.

The case was in this court before upon a similar state of facts and is reported in 112 Penn. St. 176.

*Mr. David C. Harrington* (with him *Mr. Thomas R. Hughes*), for the plaintiffs in error:

1. Every possession where there is title is presumed to be

in subordination to it.    Hence Grace Bland's possession must
be presumed in the absence of testimony, to be under her deed,
and the husband must also be presumed to be in under the
title of his wife, and after her death as tenant for life under
her will: Clark v. Trindle, 52 Penn. St. 492; Jones v. Bland,
112 Idem 176.    The second wife of Aneurin Bland, upon his
death, became a tenant by sufferance, is an intruder, and can-
not dispute the title of plaintiff: Asher v. Whitelock, L. R.
1 Q. B. 1, and her subsequent marriage did not change the
character of her possession: Bannon v. Brandon, 34 Penn. St.
263 ; Bowser v. Bowser, 2 W. N. 624; Caffrey v. McFarland,
1 Phila. 555.

2. Plaintiffs need not go further back in deducing title in
the first instance than the will of one who died seized under
which they claim.    The law presumes a fee-simple in the
devisor, unless the contrary is shown : McHenry v. McCall,
10 Watts 470 ; Miller's Lessee v. Wilson, 2 Y. 294; Cook
v. Nicholas, 2 W. & S. 27 ; Hoar v. Axe, 22 Penn. St. 384 ;
Mobley v. Bruner, 59 Idem 481 ; Shumway v. Phillips, 22 Idem
151 ; Lair v. Hunsicker, 28 Idem 115.    A conveyance to a
wife vests the title in her even as against the husband and his
heirs : Earnest's App., 106 Penn. St. 310 ; Bowser v. Bowser,
82 Idem 57.

3. Where a motion is made for a nonsuit, the plaintiffs' evi-
dence must be taken to be true with every reasonable inference
of fact: McGrann v. Railroad Co., 111 Penn. St. 171; Miller
v. Bealer, 100 Idem 583; Maynes v. Atwater, 88 Idem 496;
Schuchardt v. Allen, 1 Wall. 359; Howard Express Co. v. Wile,
64 Penn. St. 201; Phila. & R. R. Co. v. Heil, 5 W. N. 91.

*Mr. George L. Crawford*, of Crawford & Dallas (*Mr. A. A.
Hirst* with him), for defendants in error:

In the present case the plaintiffs not having proved the
material facts of the wife's payment of the purchase money and
possession at the time of her deed under it, which facts were the
basis of the decision in 112 Penn. St. 176, and it appearing that
colored people had possession of the principal part of the house,
covering the period of her alleged possession, which was, to
whatever extent it existed, but jointly with her husband, the
rule that even as against an intruder, the plaintiffs must show a

title from a prior and exclusive, not a mixed or concurrent possession, precludes the plaintiffs' recovery : 7 Alb. L. J. 402; Tyler Eject. 72–73, 105, 204, 685.

In Clark v. Trindle, 52 Penn. St. 497, both sides gave testimony and claimed under the same title, one as legal owner, and the other as *cestui que trust ;* and a joint occupancy, or a possession not exclusive, will not amount to entry under color of title, as a starting-point for the running of the statute of limitations, or making title against the joint possessor.

The plaintiffs' error is in assuming that the defendants claim title under Grace Bland's deed, which of course they do not, and having offered no testimony, stand on their possession.

OPINION, MR. JUSTICE STERRETT :

In considering the validity of a compulsory nonsuit it is the duty of the court to assume the truth of the plaintiffs' evidence and deduce therefrom every reasonable inference of fact, in his favor, that might be drawn by a jury. In that respect it is substantially the same as a judgment for defendant on demurrer to evidence.

If this case had been submitted to the jury, as it should have been, they doubtless would have found substantially the following facts, viz. : that in August, 1866, Ford and wife sold and conveyed the premises in controversy to Grace Bland, who afterwards went into possession of the same with her husband and died seized thereof in 1872, having first by her will, duly probated, devised the same to her husband, Aneurin Bland, for life, and remainder in fee to the plaintiffs ; that, after the decease of testatrix, Aneurin Bland, the tenant for life, married Jennie Bland, one of the defendants, and they continued in possession until his death in 1878. His widow, continuing to occupy the premises, afterwards married Willis O. Smith, another of defendants in possession. The remaining defendant occupied part of the premises as tenant of the widow Jennie Bland. These are the controlling facts which the jury would have been clearly warranted in finding from the evidence, and upon them, without more, the plaintiffs had a *prima facie* case entitling them to a verdict. The intervening life estate of Aneurin Bland having terminated by his death in 1878, the plaintiffs as

devisees in fee of the remainder were entitled to possession as against his widow and all other mere intruders.

As we said before, it is not always necessary for a plaintiff in ejectment to first show title out of the commonwealth and then trace each successive transfer down to himself. If, for example, both parties claim under the same person, there is an implied admission of title in him. In like manner, the fact that defendant acquired possession as tenant of plaintiff warrants a presumption of title in the latter. If plaintiff claims by descent, it is sufficient for him, in the first instance, to prove his heirship and that the ancestor from whom he derived title was the person last seized of the premises. If he claims as devisee, he must, in like manner, prove the will and seizin of his devisor. The latter may be done by showing he was in actual possession or in receipt of the rents as landlord at the time of his death; because possession is presumptive evidence of seizin in fee until the contrary is shown: Jones v. Bland, 112 Penn. St. 176. As against the defendants who are strangers, in blood as well as title, to Grace Bland, the devisor of plaintiffs, the latter were *prima facie* entitled to recover upon showing that she died in possession of the premises, and that the intervening life estate, created by her, had terminated. Those who continued to hold possession after the death of Aneurin Bland, the life tenant, were *prima facie* intruders.

The learned judge was mistaken in saying the former case, or rather the former trial of this case, proceeded upon a dissimilar state of facts. There was some evidence of additional facts, but they were not essential. The controlling facts deducible from the evidence are substantially the same. In the absence of any controversy between the devisees of Grace Bland and creditors of her husband, the conveyance by Ford and wife vested the title in her. The recital and receipt in the deed were *prima facie* evidence of payment of the consideration money by her. If it were even shown that her husband paid the purchase money it would not affect her title. The presumption would be that it was intended as a gift from him to her.

It is unnecessary to pursue the subject further, or to repeat what was said when the case was here before. The assignment of error is sustained.

Judgment reversed and *procedendo* awarded.