## Tucker *v.* McMenamin, Appellant.

*Ejectment—Abstract of title—Answer in nature of special plea—Act of May 8, 1901, P. L. 142—Proof of title out of the commonwealth.*

1. In an action of ejectment proof of title out of the commonwealth is not absolutely essential to the plaintiff's recovery against defendants who refuse to file an answer in the nature of a special plea, setting forth their grounds of defense with an abstract of title by which they claim, as required by the Act of May 8, 1901, P. L. 142, and who, for aught that appears in evidence, were in possession without title or color of title. All that the plaintiff is required to do in such a case is to show a title or right of entry which is good as against a mere intruder.

2. One in peaceable and undisputed possession under a recorded deed reciting title in the grantor, who was ousted by force or fraud by one without title, color of title, or right of possession, is not required to show, as against such wrongdoer that his title went back to the commonwealth. A defendant in an ejectment who fails to comply with the provisions of the act of May 8, 1901, as to filing an answer and abstract of title, is in the position of such a wrongdoer, although he may not have ousted the plaintiff by force or fraud.

*Evidence—Irrelevant evidence—Rendering evidence competent.*

3. The admission of irrelevant evidence is not ground for reversal where it was afterwards rendered competent by the introduction of other evidence.

*Evidence—Husband and wife—Testimony of wife—Possession—Ejectment.*

4. In an action of ejectment where the wife of the defendant is called as for cross-examination and testifies without objection or exceptions, as to the possession of the premises by herself and husband, a judgment on a verdict for plaintiff will not be reversed because the court permitted such testimony to be given, where it appears that the testimony was not harmful to the defendants or either

of them, as the fact of their occupancy had been shown by other testimony and was undisputed.

*Evidence—Oral testimony—Province of jury—Possession—Ejectment.*

5. When proof of a fact depends upon oral testimony it is the province of the jury to decide under instructions from the court as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial, if it should deem the verdict contrary to the weight of the evidence. This rule is applicable in an action of ejectment where the case turns upon the question whether the possession of the plaintiff's grantor extended back to the date of her deed to the plaintiff, and the evidence is oral; and the rule is applicable although the evidence is not contradicted, if it does not relate to a matter of which the defendants were legally presumed to know the truth, and as to which there was no averment in the plaintiff's abstract.

Argued Oct. 12, 1911. Appeal, No. 199, Oct. T., 1911, by defendants, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1909, No. 478, on verdict for plaintiff in case of Agnes G. Tucker v. John McMenamin and Ellen McMenamin, his wife. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Reversed.

Ejectment for a lot of land in the fortieth ward of the city of Philadelphia.

At the trial the court admitted under objection and exception the deeds set forth in the plaintiff's abstract of title, and particularly enumerated in the opinion of the Superior Court [4–7].

The court gave binding instructions for the plaintiff [3].

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (3) in giving binding instructions for plaintiff; (4–7) admission of deeds and (8) in permitting Ellen McMenamin, the wife of John McMenamin, to testify against her husband.

*George J. Edwards, Jr.,* for appellants.—The plaintiff on her pleading is not entitled to judgment: Lehman

v. Howley, 95 Pa. 295; Wescott v. Crawford, 210 Pa. 256.

The plaintiff having neither shown title out of the commonwealth nor thirty years' continuous possession as its equivalent, under the decisions no right of recovery exists: Sherwood v. Sumne, 5 W. N. C. 357; Bonaffon v. Peters, 134 Pa. 180; Crist v. Boust, 26 Pa. Superior Ct. 543; Adams v. Johnson, 227 Pa. 454.

It is an absolute duty on the part of the trial judge to see that a wife is not allowed to testify against her husband: Canole v. Allen, 222 Pa. 156.

*Frank P. Prichard*, with him *James A. Somers*, for appellee.—It is submitted that under the evidence the judgment for the plaintiff was proper: Dieze v. Fackler, 7 Phila. 220; Haws v. Victoria Copper Min. Co., 160 U. S. 303 (16 Sup. Ct. Repr. 282); Lair v. Hunsicker, 28 Pa. 115; Jones v. Bland, 112 Pa. 176; McGrew v. Harmon, 164 Pa. 115; Beam v. Gardner, 18 Pa. Superior Ct. 245; Coombs v. Hertig, 162 Ill. 171; Kelley v. Kelley, 182 Pa. 131.

OPINION BY RICE, P. J., March 1, 1912:

The plaintiff's abstract of title, which was set forth in her declaration and sustained by the evidence on the trial, may be briefly stated as follows: November 26, 1858, deed, Phila. Homestead Assn. to Mary A. Cahill; April 2, 1886, deed, James J. Gillen and Mary A., his wife, formerly Mary A. Cahill, to Arthur M. Wood; January 25, 1890, deed, Arthur M. Wood and wife to William Hutchinson and Alice, his wife (alleged in the abstract and conceded by defendants to be by entireties); March 2, 1900, death of William Hutchinson; March 23, 1900, deed, Alice Hutchinson to Agnes G. Tucker. All of these deeds were duly recorded. The defendants pleaded not guilty, but filed no abstract of title. Therefore, under the act of 1901 and the rule of court, she could give no evidence. The evidence introduced by the plaintiff as to the possession was that Alice Hutchinson, the plaintiff's immediate pred-

ecessor in title, resided in the premises at the time of her death, and had done so for ten or fifteen years. It appears, also, that the defendants lived in the premises at the time of her death, and continued to do so afterward, but there is no allegation or proof that they lived there at the date of the deed from Alice Hutchinson to the plaintiff. Her possession at that time, so far as appears, was exclusive. There is no satisfactory evidence as to possession prior to that of Alice Hutchinson; nor is it stated in the plaintiff's abstract or shown in the evidence from whom the Philadelphia Homestead Association obtained title.

The plaintiff's abstract did not show title out of the commonwealth, and did not show that any of the persons under whom the plaintiff claims were ever at any time in possession of the land, or that the defendants claim under the same title as the plaintiff, or that their titles have a common source, and it is argued, upon the authority of Lehman v. Howley, 95 Pa. 295, that the abstract did not present a full prima facie case. But, as the omission to aver the possession of Alice Hutchinson under her deed might have been supplied by amendment, and as the admission of the evidence upon that subject was not excepted to and is not assigned for error, the case does not come up for decision on the pleadings alone, as did the case of Lehman v. Howley, but on the pleadings and proof. Thus viewing the case, the question is, whether proof of title out of the commonwealth was absolutely essential to the plaintiff's recovery against defendants who refused to file an answer, in the nature of a special plea, setting forth their grounds of defense, with an abstract of title by which they claimed, as required by the Act of May 8, 1901, P. L. 142, and who, for aught that appears in evidence, were in possession without title or color of title. As the plaintiff did not prove thirty years' continuous possession of her predecessors in title, she was not relieved by sec. 6 of the Act of April 27, 1855, P. L. 368, from proving title out of the commonwealth. But that statute does not express the only ground upon which such proof may be omitted.

If, for example, plaintiff claims by descent, it is sufficient for him, in the first instance, to prove his heirship, and that the ancestor from whom he derives title was the person last seized of the premises in controversy. If he claims as devisee, he must, in like manner, prove the will and seizin of his devisor. The seizin of the ancestor or devisor may be proved by showing he was in actual possession of the premises at the time of his death, or in receipt of rent from the terre-tenant: Mobley v. Bruner, 59 Pa. 481; Jones v. Bland, 112 Pa. 176; s. c., 116 Pa. 190. See also Beam v. Gardner, 18 Pa. Superior Ct. 245, and cases there cited. Many other instances not involving the effect of descent cast might be cited, where, as against a mere intruder, the plaintiff is not required to prove thirty years' continuous possession or to trace his title from the commonwealth down by an uninterrupted line of recorded conveyances. For example, one in peaceable and undisputed possession under a recorded deed reciting title in the grantor, who is ousted by force or fraud by one without title, color of title, or right of possession, ought not to be required to show, as against such wrongdoer, that his title went back to the commonwealth. The opinion of Judge HARE, in Dieze v. Fackler, 7 Phila. 220, while not binding on us, is worthy of attentive consideration because of its discussion, from the standpoint of principle, of the question as to when title short of one deduced regularly from the commonwealth will support a recovery in ejectment. A notable case bearing on the question is Lair v. Hunsicker, 28 Pa. 115, where it was held that one having a right of entry, by reason of his having acquired the title of previous possessors of the land whose possession was founded on deed, could recover as against a mere intruder, without proving title out of the commonwealth. In that case, the trial judge said, in his charge to the jury: "The defendants object to the plaintiff's right to recover on the title he has exhibited, because he has not shown title out of the commonwealth. This, we are of the opinion, it was unnecessary for him to

do—it is enough for him, as against defendants, who show or pretend no title, to show a right of entry." This was assigned for error, but judgment in favor of the plaintiff was affirmed. But it is urged that there is nothing to show that the defendants are intruders, and, therefore, the case is ruled by Sherwood v. Sumne, 5 W. N. C. 357; Bonaffon v. Peters, 134 Pa. 180, and Crist v. Boust, 26 Pa. Superior Ct. 543, in each of which cases there was a similar lack of proof that the defendant was an intruder. It becomes necessary, therefore, to inquire whether the defendants stand in that position. It is true, there is nothing in the evidence to show that fact, and the appellants' argument treats the case, so far as this feature is concerned, as if the plea of not guilty cast on the plaintiff the burden of proving the fact by affirmative evidence. This argument, we think, fails to accord due effect to the act of 1901. We deem it important to quote sec. 2 in its entirety. It reads as follows: "In all actions of ejectment hereafter to be brought, the plaintiff shall file a declaration, which shall consist of a concise statement of his cause of action, with an abstract of the title under which he claims the land in dispute, and in addition to the plea of 'not guilty,' now required by law, the defendant shall file an answer in the nature of a special plea, in which he shall set forth his grounds of defense, with an abstract of the title by which he claims; and no action of ejectment shall be considered at issue until the plaintiff's statement and the defendant's plea and answer shall be filed, nor shall any evidence be received on the trial of said action of any matter not appearing in the pleadings, subject to the power of amendment. The several courts of this commonwealth shall have power, by general rule or special order, to fix the time within which the defendant shall file his abstract of title." The obvious purpose of the act is to compel the parties to set forth their titles in their respective abstracts and statements, so that on the trial each may be prepared to assert his own title and attack the disputed part of his adversary's title. See Wescott v. Crawford, 210 Pa. 256.

True, it has been decided that, under the rule of the court below, the penalty for the defendant's failure to file his answer and abstract, is not that summary judgment may be taken against him: McCloskey v. O'Hanlan, 35 Pa. Superior Ct. 95. But nothing can be plainer than that the legislature did not intend to make it optional with the defendant to set forth or withhold his grounds of defense, with an abstract of his title, if he has any. What then is the fair implication from his refusal to comply with the statutory requirement? Certainly not that he is in rightfully or under color of title that casts on the plaintiff the burden of proving a title from the commonwealth down, but rather that he has no title or color of title. Notwithstanding this implied admission, he is, nevertheless, entitled to hold the possession as against the plaintiff until the latter shows a title or right of entry which is good as against a mere intruder. This the plaintiff did in the present case, and, therefore, there was no error in refusing binding direction in defendants' favor.

As to the assignments alleging error in the admission of the deeds recited in the plaintiff's abstract of title, it is enough to say that the evidence was rendered competent by the subsequent evidence as to the possession of Alice Hutchinson, the plaintiff's immediate predecessor in title. The general rule is, that the admission of irrelevant evidence is not ground for reversal where it is afterwards rendered competent by the introduction of other evidence: Laird v. Campbell, 100 Pa. 159; Colonial Trust Co. v. Getz, 28 Pa. Superior Ct. 619. We see no satisfactory reason why the rule should not be applied here.

The plaintiff called Ellen McMenamin, the wife of the other defendant, as for cross-examination, and elicited from her the fact that she and her husband went to live in the premises about nine years before the date of the trial, which was in May, 1911; that Alice Hutchinson was living there at that time; and that they continued to occupy the property after her death. This testimony was admitted without objection, but when the plaintiff sought

to draw out from the witness the right by which they claimed to occupy the premises, objection was made and the testimony was excluded. It is argued, upon the authority of Canole v. Allen, 222 Pa. 156, that, though no objection was made to the competency of the witness, and no objection was made or exception taken to the testimony admitted, yet there was such reversible error as the appellate court ought to take notice of. A careful comparison of the case with Canole v. Allen shows that the latter does not go to the extent claimed. The testimony admitted was not harmful to the defendants or either of them. It simply showed the defendants' occupancy of the premises, which had already been shown by other testimony and was undisputed. It might be struck out without affecting the plaintiff's right one way or the other.

The remaining question is, whether binding direction in favor of the plaintiff was justified. It results, from what we have said, that it would have been if the fact that Alice Hutchinson's possession extended back to the date of her deed to the plaintiff had been admitted or conclusively established. Evidence was given from which the fact could be found by a jury, and it was not contradicted. Conclusive effect ought not to be given to the defendants' failure to contradict it, for it did not relate to a matter of which they may be legally presumed to know the truth, and, as already noticed, the fact of her possession was not averred in the plaintiff's abstract. The evidence was oral, and the credence to be given to it depended on the accuracy of recollection and veracity of the witness, which matters it is ordinarily the province of the jury to determine. The lack of precision on the part of the witness in stating the length of the possession, is a matter to be noticed in judging of the accuracy of his recollection. Upon the whole, we conclude that the case is not an exception to the general rule, that when proof of a fact depends upon oral testimony it is the province of the jury to decide, under instructions from the court as to the law applicable to the facts, and subject to the salutary power of the court

to award a new trial, if it should deem the verdict contrary to the weight of the evidence. For this reason, we sustain the third assignment. The other assignments are overruled.

Judgment reversed and venire facias de novo awarded.