## Porter et al. *v.* Hayes et al., Appellants.

*Ejectment — Practice, C. P. — Pleadings—Answer without full
facts—No abstract of title—Judgment—Case for court—Common
source of title — Parties — Trustees — Acts of May 8, 1901, P. L.
142; June 12, 1919, P. L. 478, and June 7, 1915, P. L. 887—Com-
mon source of title.*

1. Under the Acts of May 8, 1901, P. L. 142; June 12, 1919,
P. L. 478, and June 7, 1915, P. L. 887, where a case in ejectment
turns on legal questions, it may be decided by the court.

2. Under the ejectment acts, a statement of claim is sufficient,
both for the land and mesne profits, which avers that plaintiff
claims title and right of possession to the land described, that de-
fendants unlawfully and unjustly detain possession thereof, and
that plaintiffs seek to recover a stated amount per month, from a
date stated, of which they have been deprived by the unlawful acts
of defendants.

3. Where the pleadings in ejectment show a common source of
title, it is not necessary to go back of such source and prove title
out of the Commonwealth.

4. Where title to land is in plaintiffs in ejectment as trustees,
the action is properly brought in their names as such.

5. Where defendants in ejectment deny unlawful possession in
their answer, and allege a full and complete defense without set-
ting forth supporting facts, and file no plea or abstract of title,
judgment is properly entered against them.

Submitted April 9, 1928.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 28, Jan. T., 1928, by defendants, from order of C. P. Clearfield Co., Sept. T., 1926, No. 250, entering judgment for plaintiffs, in case of M. C. Porter et al., trustees, v. Nell E. Hayes et al.  Affirmed.

Ejectment for land in Borough of Curwensville.  Before CHASE, P. J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiffs.  Defendants appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Hazard A. Murray,* for appellants.—Plaintiff's statement of claim fails to set forth a concise statement of his cause of action, and an abstract of title under which he claims the premises sued for.  Neither plaintiff's statement of claim nor abstract of title is in compliance with the law of ejectment: Covet v. Irwin, 3 S. & R. 283; Wirt v. Bertles, 12 Luz. L. R. 45; Lehman v. Howley, 95 Pa. 295.

Defendants having entered their appearance and plea, and filed their answer, the lower court in ordering a summary judgment in the face of defendant's appearance and answer acted without authority: Tucker v. McMenamin, 48 Pa. Superior Ct. 553; McCloskey v. O'Hanlon, 35 Pa. Superior Ct. 95.

*A. M. Liveright* and *John C. Arnold,* for appellees.— The trustees may maintain the instant action: Brolasky v. McClain, 61 Pa. 146; P. R. R. v. Duncan, 111 Pa. 352; Reed v. Murray, 11 Pa. 334; Heath v. Knapp, 1 Pa. 482, 491; Hunt v. Crawford, 3 P. & W. 426.

The judgment was properly entered.

OPINION BY MR. JUSTICE WALLING, May 7, 1928:

Plaintiffs brought this action of ejectment for land in the Borough of Curwensville, Clearfield County, returnable to the first Monday in July, 1926. The writ was duly served on defendants, for whom an appearance was entered. Plaintiffs' statement of claim and abstract of title were filed with the præcipe and served with the writ. On November 22, 1926, defendants having failed to file either a plea, answer or abstract of title, plaintiffs entered a rule for judgment, service of which was accepted and the case was placed on the December argument list. On January 18, 1927, the trial court filed an opinion and entered a decree as follows: "Now, rule to show cause why judgment should not be entered to be made absolute within ten days from this date, unless the defendants within said ten days file a proper answer as required by rules of court and the Act of Assembly. Failure to file said answer, upon presentation of proper order setting forth the premises, etc., judgment will be entered on the same." Ten days later defendants filed what purported to be an answer which the trial court, deeming insufficient, disregarded and entered a final decree as follows: "February 1, 1927......Now, It appearing to the court the defendants have not filed answer to the action in ejectment as required by the order of this court made January 18, 1927, it is therefore ordered and decreed that judgment be and the same is hereby entered in favor of the plaintiffs, M. C. Porter, C. S. Russell and E. C. Blandy, trustees, and against the defendants, Nell E. Hayes, Kathryn E. Evans and Henrietta G. Dyer, for the premises described as follows: [describing the land]. This for the reasons heretofore set forth in the decree of the court under date of January 18, 1927." A writ of possession followed and, on April 28, 1927, defendants appealed.

The errors assigned are the court's orders of January 18th and February 1st and the issuance of the writ of possession. None can be sustained. Section

2 of the Act of May 8, 1901, P. L. 142, as amended by the Act of June 7, 1915, P. L. 887, and further amended by the Act of June 12, 1919, P. L. 478, is, in part, as follows: "In all actions of ejectment hereafter to be brought, the plaintiff shall file a declaration, which shall consist of a concise statement of his cause of action, with an abstract of the title under which he claims the land in dispute, and in addition to the plea of 'not guilty' now required by law, the defendant shall file an answer, in the nature of a special plea, in which he shall set forth his grounds of defense, with an abstract of the title by which he claims; and no action of ejectment shall be considered at issue until the plaintiff's statement and the defendant's plea and answer shall be filed; nor shall any evidence be received, on the trial of said action, of any matter not appearing in the pleadings, subject to the power of amendment. The several courts of this Commonwealth shall have power, by general rule or special order, to fix the time within which the defendant shall file his abstract of title: Provided, That the court may, on rule, enter such judgment on the pleadings in favor of either party as it may appear to the court the party is entitled to." Rules 73 and 74 of the Court of Common Pleas of Clearfield County require the defendant in actions of ejectment to file his plea, answer and abstract of title before the return day of the writ wherever plaintiff's summons, statement of claim and abstract of title were served twenty days prior thereto, and when the service was less than that time to file the answer, etc., within twenty days after the return day.

Under the plain language of the statute where the case presented by the pleadings turns on legal questions it may be decided by the court, and we have repeatedly so held: Glenn v. Stewart, 265 Pa. 208, 211; Shaw et al., Exrs., v. Cornman et ux., 271 Pa. 260, 265; Gailey et al. v. Wilkinsburg R. E. T. Co., 283 Pa. 381, 383; Schoch v. American Int. Corp. et al., 286 Pa. 181, 190; and see

Lehman et al. v. Howley, 95 Pa. 295.   This is not seriously controverted but appellants urge that plaintiffs' statement of claim and abstract of title are insufficient.   The statement of claim avers that, "The plaintiffs above named claim the title and right of possession to the following described real estate: [describing the premises and the improvements thereon].   That the defendants above named unjustly and unlawfully detain possession of the premises aforesaid from the plaintiffs, and the plaintiffs declare for, and seek to recover in this action, the mesne profits of which they have been deprived, by reason of the unlawful determination of the defendants, and state the fair value thereof to be one hundred ($100) dollars per month, dating from the date of the issuance of this writ."   It sets forth a general averment of title and right of possession, which are not affected by the special claim of mesne profits.   The statement of claim is sufficient both for the land and the mesne profits.

The abstract of title sets out a deed dated May 8, 1925, from Fred J. Dyer and wife to the plaintiffs, embracing the land in suit, and that it was recorded May 22, 1925; it also avers that "The title of both plaintiffs and defendants is from a common source, both claiming under Fred J. Dyer, who was the owner of said premises prior to the 8th day of May, 1925."   The answer filed January 28, 1927, says, inter alia, "Defendants admit the facts stated in plaintiffs' pleadings."   It being thus admitted that Fred J. Dyer was the common source of title, it was unnecessary to go back of him and aver a prior title out of the Commonwealth.   In Sallada et al. v. Mock et al., 271 Pa. 212, 214, Mr. Justice SCHAFFER, speaking for the court, says: "Since both claimants go back to a common source of title, the questions raised by appellants as to the insufficiency of the proofs of plaintiffs' paper title, prior to Mary Ann Snyder's ownership, fade out of the case; for it was not necessary to show title back of the common source."   See also Carroll v. Han-

nan, 289 Pa. 65, 67; Sautter et ux. v. Rowland, 285 Pa. 212; Turner v. Reynolds, 23 Pa. 199; Tucker v. McMenamin, 48 Pa. Superior Ct. 553.

The title being in plaintiffs as trustees, the action was properly brought in their names as such: P. R. R. Co. v. Duncan, 111 Pa. 352, 365; Brolaskey v. McClain, 61 Pa. 146, 165; Lair et al. v. Hunsicker, 28 Pa. 115; Heath v. Knapp et al., 1 Pa. 482; Hunt v. Crawford, 3 P. & W. 426. No one but the equitable owner, which appellants do not claim to be, can challenge the right of the trustees to recover possession of the property. Defendants filed no· plea or abstract of title and, while claiming ownership in their answer, set out no fact supporting the claim. True, they deny unlawful possession and allege a full and complete defense, but wholly fail to set it out. This was not such an answer as the court required them to file and was properly disregarded.

The judgment is affirmed.