## Dunn et al., Appellants, *v.* Milanovich.

Argued October 7, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Frank J. Lagorio,* with him *Lawrence B. Cook,* for appellants.—If plaintiff in ejectment claims by descent, it

is sufficient for him, in the first instance, to prove his heirship, and that the ancestor from whom he derived title was the person last seized of the premises in controversy. If he claims as devisee he must in like manner prove the will and seizen of his devisor: Jones v. Bland, 112 Pa. 176; Beam v. Gardner, 18 Pa. Superior Ct. 245; Green v. Kellum, 23 Pa. 254.

As against defendant, who showed no title, and who is to be regarded as a mere intruder, plaintiff was entitled to recover on showing that his ancestor, under whom he claimed title as heir, died in possession of the premises: Jones v. Bland, 112 Pa. 176; Gans v. Phila., 102 Pa. 97; Safe D. T. Co. v. Fricke, 152 Pa. 231.

A sheriff's vendee buys at his peril; not only must there be a legal judgment, but a legal execution also, to make a sheriff's sale valid: Cadman v. Jackson, 52 Pa. 306; Simons v. Kern, 92 Pa. 455; Dickerman v. Purist, 6 Pa. 212; Shearer v. Woodburn, 10 Pa. 512; Olds v. Erie, 79 Pa. 380.

*H. P. Eberharter,* with him *Edward O. Tabor,* for appellee.—A compulsory nonsuit is properly granted in an action in ejectment where plaintiff's testimony proves (1) that neither plaintiff, nor plaintiff's ancestor, was the last person seized, and (2) where plaintiff's testimony further proves that defendant was the person last seized: Tucker v. McMenamin, 48 Pa. Superior Ct. 553.

OPINION BY MR. JUSTICE SIMPSON, November 24, 1930:

In this action of ejectment, plaintiffs and defendant agreed that their respective titles were derived through a deed which was offered in evidence. This was conclusive of the title to that date: Clark v. Trindle, 52 Pa. 492, 497; Sallada v. Mock, 271 Pa. 212; Porter v. Hayes, 293 Pa. 194. Plaintiffs also produced evidence tending to show a direct line of title from the grantee in that deed to themselves. This made out a prima facie case in their favor (Hess v. Herrington, 73 Pa. 438), and

called upon defendant to prove his alleged title, if he wished to defeat plaintiffs' apparent ownership: Patton v. Goldsborough, 9 S. & R. 47; Jones v. Bland, 112 Pa. 176, 116 Pa. 190.

Instead of resting at this point, however, plaintiffs, though not required so to do, called a witness to prove that the deeds in their chain of title were duly registered. He so testified in his examination in chief, and, on cross-examination, further said that the deeds in defendant's title were also so registered, and the entire registration of the property was then offered in evidence. This showed that certain papers, possibly of the character of those specified in defendant's abstract of title, had been duly registered, but it did not even tend to show that they, or any of them, operated to pass a valid title to the property in dispute. The court below erroneously held that it did, however, and ruled that, because of this, plaintiffs were required to show that their title was better than the one which those papers, if offered in evidence, might have disclosed; and entered a nonsuit because plaintiffs had produced no proof on the point. In doing this, he overlooked the rule that a prima facie right is always sufficient to entitle plaintiff to recover, until and unless a better title is shown to exist in favor of the adverse party. The court in banc subsequently refused to set aside the nonsuit, and this appeal, by plaintiffs, was then taken.

The exact point being considered is expressly decided in Jones v. Bland, 116 Pa. 190, 193, where, under similar facts, a nonsuit was entered and sustained by the court below, but was reversed by us, because "the jury would have been clearly warranted in finding [the facts alleged by plaintiffs] from the evidence, and upon them, without more, the plaintiffs had a prima facie case entitling them to a verdict." This is so in all classes of cases, unless plaintiff's proofs disclose something which necessarily defeats his claim. The rule that, in ejectment, a plaintiff must recover on the strength of his own title

and not because of the weakness of his adversary's, has no relevancy to the situation here appearing. It only means that plaintiff's title must stand alone, if it is to stand at all; but does not import that, in the first instance, he must go further than to prove it is prima facie good. Having done this, the court and jury must settle the dispute, under all the evidence, as in other cases.

There are two other considerations leading to the same conclusion. In Page v. Simpson, 172 Pa. 288, as here, the court below decided against plaintiff, because of facts developed on cross-examination. In endeavoring to prove that both parties derived title through a common source, plaintiff called defendant as a witness, and (page 296) "inquired of him if he did not claim title under Wainwright and Bryant [through whom plaintiff also claimed title by virtue of a sheriff's sale made in 1891]. He replied that he did. He was then cross-examined by his own counsel and stated in substance that the title claimed by him was under a sheriff's sale made in 1890. The only subject upon which cross-examination was proper, was whether he did in fact claim under the title of Wainwright and Bryant. How he claimed, whether through a private or a judicial sale, was part of his own case and could not be injected into the case of the plaintiff in this manner. The motion for a binding instruction to the jury to find for the defendant [which was granted] rested on the reason stated by his counsel that 'the plaintiff has shown title out of Wainwright and Bryant to W. A. Simpson by his own evidence, and has shown no title subsequent to our title in Wainwright and Bryant." We there reversed the judgment entered because of facts improperly educed in cross-examination; for the same reason, we must reverse the order refusing to set aside the nonsuit entered in the present case.

It must be reversed for the further reason, first pointed out by RICE, P. J., in Tucker v. McMenamin, 48 Pa. Superior Ct. 553, 558, that it wholly overlooks the

change in procedure effected by section 2 of the Eject-
ment Act of May 8, 1901, P. L. 142, as amended by the
Act of June 7, 1915, P. L. 887. These statutes provide
a simple and effective method for speedily and certainly
reaching the real issue and true conclusion in this class
of cases, and being highly remedial must be liberally
construed to effectuate their manifest purpose, as was
done in Porter v. Hayes, 293 Pa. 194. Under them, each
party must file an abstract of title, and no evidence is
admissible, "on the trial of said action, of any matter
not appearing in the pleadings." They also give to the
court power to "enter such judgment on the pleadings,
in favor of either party, as it may appear to the court
the party is entitled to." It is clear therefrom that, if
a plaintiff's abstract of title is sufficient to require a de-
fendant to file a counterabstract, or have judgment en-
tered against him for want thereof, as in this case it
was, a proof of the title there averred will be sufficient
to call upon defendant to prove the countervailing facts
alleged by him.

It may not be inappropriate to add that the genesis of
these statutes is a rule of the Court of Common Pleas of
Allegheny County, sustained by us in Lehman v. How-
ley, 95 Pa. 295, and to call attention to the fact that if,
as averred by defendant but not proved, the inception of
his title is a sheriff's sale for taxes, compliance with the
essential statutory provisions, leading up to the sale,
must be satisfactorily established: Stark v. Shupp, 112
Pa. 395; Simpson v. Meyers, 197 Pa. 522.

The nonsuit entered in the court below is set aside and
a procedendo is awarded.