## Hovsepian v. Hovsepian.

*John R. K. Scott*, for plaintiff; *Sidney Schulman*, for defendant.

SMITH, P. J., April 30, 1931.—This matter arises out of a rule for judgment filed by the plaintiff.

The plaintiff instituted an action in ejectment covering premises No. 2101 North Thirteenth Street, in the City of Philadelphia. With the plaintiff's declaration and abstract of title served on the defendant on March 5, 1931,

there was a notice to the defendant to file a plea, answer and abstract of title within thirty days.

On March 19, 1931, defendant filed what is styled an affidavit of defense, setting forth that the defendant in this action filed a bill in equity in Court of Common Pleas No. 2, asking that the plaintiff here convey to him the title to the premises in dispute; that that court rendered a verdict in favor of the present plaintiff; that the exceptions to the adjudication were dismissed, but that the three months' period within which the defendant here may appeal had not yet expired. Counsel at the bar of the court stated that the period for taking the appeal had now expired and no appeal had been perfected. The answer or affidavit of defense in the case at bar contained no abstract of title as is provided for in the Act of Assembly of May 8, 1901, P. L. 142, as amended by the Act of June 7, 1915, P. L. 887, and the Act of June 12, 1919, P. L. 478, and Rule 54 of the courts of common pleas of this county, wherein it is provided:

"54. In an action of ejectment the defendant shall file his plea, answer and abstract of title, as required by the Act of May 8, 1901 (P. L. 142), within thirty days after service of the plaintiff's statement and abstract of title upon him or his attorney of record. The abstract of title shall begin at the point in the plaintiff's abstract where the line of defendant's abstract diverges therefrom."

The neglect by the defendant to proceed in accordance with the acts of assembly and the rules of court, *supra*, is justification for the entry of judgment for the plaintiff against the defendant: Porter *v.* Hayes, 293 Pa. 194.

The answer, furthermore, raised no issue of fact: Glenn *v.* Stewart, 265 Pa. 208.

And now, to wit, April 30, 1931, the rule for judgment on the pleadings in favor of the plaintiff and against the defendant is made absolute.