## Levenger, Trustee v. The Lehigh Valley Railroad Company

*Philip & Yarema,* for plaintiff.

*Theodore J. Zeller, Jr.,* of *Butz, Hudders & Tallman,* for defendant.

WILLIAMS, J., January 24, 1972.—This case is before the court on defendant's preliminary objection challenging plaintiff's capacity to sue.[1] Defendant contends that Ruth A. Levenger is not the real party in interest and is, therefore, precluded from instituting this trespass action which concerns the liability for a fire which occurred on a certain tract of land in Carbon County on October 6, 1963. At the time of the fire, the record owners of the tract were Xavior Wernett and Lydia E. Wernett. At oral argument, counsel for the instant parties stipulated that plaintiff's complaint could be amended by attaching thereto a deed, a trust agreement and an assignment entered into by the Wernetts and Ruth A. Levenger under which the Wernetts transferred the Carbon

---

[1] At oral argument, counsel for both parties stipulated that defendant's other preliminary objections be withdrawn and that only the challenge to the capacity to sue was before the court.

County tract and all their right, title and interest to claim for damages arising from the 1963 fire to Ruth A. Levenger, as trustee.

Defendant's argument in support of its preliminary objection is that, despite the above agreements, Ruth A. Levenger is not the real party in interest because depositions[2] indicate that Ruth A. Levenger has neither seen the tract of land nor exercised any of the duties with which she was charged under the trust agreement. This argument we do not accept. Defendant has cited no authorities for its theory and our independent research has failed to disclose any cases supporting defendant's position. On the contrary, in Pennsylvania Railroad Co. v. Duncan, 111 Pa. 352 (1886), the Supreme Court, presented with an argument similar to defendant's theory, held that where the legal right is vested in a trustee, all actions at law which affect the trust must be brought in his name. Accord: Porter et al. v. Hayes et al., 293 Pa. 194 (1928).

Rule 2002 of the Pennsylvania Rules of Civil Procedure provides, inter allia:

"(a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts.

"(b) A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any persons beneficially interested when such plaintiff

---

[2] Counsel stipulated, at oral argument, that depositions taken when these parties were in Federal court could be used in lieu of requiring new depositions here. The Federal action was dismissed on the ground that Ruth A. Levenger was not the real party in interest under Federal standards governing diversity of citizenship jurisdiction.

"(1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading."

It appears that rule 2002(b)(1) provides an exception to the real party in interest requirement insofar as a trustee is concerned. However, it has been suggested that rule 2002(b)(1) "is not an exception to the real party in interest rule, for it is the fiduciary or representative who has the power to enforce the action and grant a discharge of the cause of action, which is the test of whether the plaintiff is the real party in interest. The fact that by definition the plaintiff acting in a fiduciary or representative capacity is required to account to another and may subject himself to liability for improperly discharging the claim against the third person does not alter the fact that, with respect to the third person, the fiduciary or representative is the real party in interest": 4 Anderson Pa. Civ. Prac., §2002.42.

Under either interpretation, it is clear that rule 2002 gives a trustee the capacity to bring a suit. Ruth A. Levenger was vested with the power to discharge claims the trust may have against other parties.[3] Further, an examination of the pleadings shows that Ruth A. Levenger has indicated her fiduciary character in the caption of the action and in her initial pleadings.

Upon consideration of the present record, the court makes the following

## ORDER OF COURT

And now, January 24, 1972, the preliminary objec-

---

[3] Subsection (h) under the "Trustee's Powers" clause of the trust agreement provides: "To compromise any claim which it may have against any individual, partnership or corporation without authority of any court or judge."

tion of defendant, Lehigh Valley Railroad Company, is dismissed. Defendant given leave to plead over within 20 days from date of this order.