## Caryl, Appellant, v. Fenner.

Argued January 26, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*A. A. Vosburg,* with him *A. Floyd Vosburg,* for appellant.—Plaintiff filed a declaration and defendant filed an affidavit of defense and entered a plea of not guilty. Plaintiff then moved for judgment upon the pleadings. This practice was approved by the Supreme Court: Lewis v. Merryman, 271 Pa. 255; Gailey v. Trust Co., 283 Pa. 381; Glenn v. Stewart, 265 Pa. 208.

It is not necessary to aver or prove title out of the Commonwealth, where there is a common source of title: Kline v. Johnston, 24 Pa. 72; Duncan v. Modara, 106 Pa. 562; Hess v. Hethrington, 73 Pa. 438; Zeigler v. Hautz, 8 Watts 380; Dunn v. Milanovich, 302 Pa. 184.

*Frank J. McDonnell,* for appellee, cited: Weaver v. Rinehart, 22 Pa. Schuylkill Co. R. 231; Porter v. Hayes, 293 Pa. 194.

OPINION BY MR. JUSTICE SIMPSON, March 14, 1932:

This is an action of ejectment. Defendants objected to plaintiff's combined statement and abstract of title as insufficient. The court below sustained the objection, because the pleading, though averring that the titles of the litigants came from the same grantor, did not show that plaintiff's was "the earlier title." She was not required to show this by her pleading, but only to set forth a prima facie title in herself: Dunn v. Milanovich, 302 Pa. 184. She submitted, however, to the court's order, which was: "The affidavit in the nature of a demurrer is sustained with leave to plaintiff to amend within ten days." She then filed an "amended statement and abstract of title," substantially the same as the original, except that, in order to meet the objection sustained by the court, she averred "that the title of the plaintiff from said Ruthven is prior to and takes precedence over the title claimed by the defendants to have been acquired by them from said Ruthven, the common source of title."

This addition unquestionably overcame the objection which the court sustained to the original statement and abstract of title; but the pleadings, as amended, were still unsatisfactory to defendants, who filed a paper in which they "move for judgment on and demurrer for want of any cause of action shown in plaintiff's pleading as amended." This also was an improper motion (Anderson v. McHenry, 90 Pa. Superior Ct. 583), which the court below evidently recognized, since it was treated as a motion for a nonsuit. That tribunal erred, however, in sustaining it, and entering the judgment of nonsuit from which the present appeal is taken.

The opinion entering the nonsuit, after quoting the foregoing addition appearing in plaintiff's amended pleading, says: "This is a mere conclusion involving a mixed question of law and fact, but without any disclosure of the essential facts. Had plaintiff seen fit to state the grounds upon which she affirms that defendants claim under Ruthven, she might have shown a

prima facie right and thus put them to their answer.
...... She asserts an issue on the priority of title.
That is a mere question of dates. All she had to do was
to show the origin of defendants' alleged claim. Her
pleading might then have been self-sustaining."

The error in this reasoning rests on the assumption
that plaintiff was obliged to plead defendants' title as
well as her own. There is no such requirement. If she
had said that title was out of the Commonwealth, that
Ruthven derived title, mediately or immediately, from
the Commonwealth, and that he, being the owner in fee,
conveyed his title to her, giving the date and place of
record of the deed to her (all of which she did), her ab-
stract of title would have been legally sufficient. Had
defendants objected because of the insufficiency of the
averment as to Ruthven's title, we would have a different
question to consider than the one before us, but no such
objection was made in the so-called demurrer, in the
argument below, or in this court. Defendants have
planted their objection solely on the fact that plaintiff
did not sufficiently set forth their, defendants', title, so
that the court, by a comparison of dates, could have seen
which was prior in time and hence prior in right. For
this contention, we have been given no statute or author-
ity, either by the court below or by defendants, and we
know of none.

The Act of April 30, 1925, P. L. 396, having been re-
pealed in its entirety by the Act of March 10, 1927, P. L.
36, the applicable statute is that of June 12, 1919, P. L.
478, amending section 2 of the Act of May 8, 1901, P. L.
142. This amendatory statute provides that "In all ac-
tions of ejectment hereafter to be brought, the plaintiff
shall file a declaration, which shall consist of a concise
statement of his cause of action, with an abstract of the
title under which he claims the land in dispute, and in
addition to the plea of 'not guilty' now required by law,
the defendant shall file an answer, in the nature of a
special plea, in which he shall set forth his grounds of

defense, with an abstract of the title by which he claims; and no action of ejectment shall be considered at issue until the plaintiff's statement and the defendant's plea and answer shall be filed; nor shall any evidence be received, on the trial of said action, of any matter not appearing in the pleadings, subject to the power of amendment. ...... Provided, that the court may, on rule, enter such judgment on the pleadings in favor of either party as it may appear to the court the party is entitled to......"

Neither in this statute, nor in any other which has been called to our attention, or of which we have knowledge, has it ever been required that plaintiff's or defendant's abstract of title need set forth more than the title upon which he relies. The statute says it shall be "an abstract of the title under which *he* claims." If he unnecessarily chooses to refer to his opponent's supposed title, he is not compelled, in such reference, to be as exact as in the case of his own abstract, for no statute so requires. Doubtless, though the ejectment statutes do not refer to the matter, objection may be made to the abstract of title filed by either party, for reasons specifically set forth in the objection. If, after hearing, the abstract is held to be insufficient, and the pleader does not amend as required by the order of the court, a judgment of non pros. may be entered against the plaintiff, if he is the one in fault, and the abstract of the defendant may be stricken off, if the fault is his, exactly as would be done in other cases: King v. Brillhart, 271 Pa. 301, 305; Rhodes v. Terheyden, 272 Pa. 307. In either event, however, the specified insufficiencies must relate to the abstract of the party's own title, not to what he may choose to say, unnecessarily, about the title of the one objecting.

So, as expressed in the Act of 1919, above quoted, after all "the pleadings" required by the act have been filed, either party may move for "judgment on the pleadings," which may be entered for the litigant found entitled

thereto, though he may not be the one who made the motion (Glenn v. Stewart, 265 Pa. 208; Shaw v. Cornman, 271 Pa. 260; Gailey v. Wilkinsburg Real Estate Trust Co., 283 Pa. 381); but no judgment can properly be entered thereon unless, after assuming the truth of the facts averred by the party against whom judgment is to be entered, it clearly appears that the other is entitled to such judgment as a matter of law: Smith v. Miller, 289 Pa. 184; Porter v. Hayes, 293 Pa. 194; First Pool Gas Coal Co. v. Wheeler Run Coal Co., 301 Pa. 485.

The judgment of the court below is reversed and a procedendo is awarded.