# First National Bank in Greensburg, Guardian, v. Serro et al.

*John R. Keister*, for plaintiff.
*Max M. Bergad*, for defendants.

LAIRD, J., April 12, 1944.—In this equitable action in ejectment defendants invoke the Act of May 8, 1901,

P. L. 142, as amended by the Acts of June 7, 1915, P. L. 887, and June 12, 1919, P. L. 428, PS 12 §1548. This act as amended provides, inter alia:

"The court may, on rule, enter such judgment on the pleadings in favor of either party as it may appear to the court the party is entitled to."

Accordingly, defendants have taken a rule on plaintiff "to show cause why judgment on the pleadings should not be entered in favor of the defendants and against the plaintiff". Seven reasons are set up in defendants' petition for a rule to show cause why the court should not enter summary judgment on the pleadings. We deem it necessary to mention only a few of them, to wit, the fourth and fifth, which are as follows:

"4. Plaintiff's pleadings are insufficient to challenge the legality of the treasurer's sale to the commissioners, nor that of the commissioners to Fred Lord, nor that of Fred Lord to defendants.

"5. Plaintiff does not allege wherein the treasurer nor the commissioners failed to comply with the statutes of Pennsylvania pertaining to the sale of seated land for delinquent taxes."

Plaintiff's declaration may not be a model of pleading but it does raise two questions which we believe should be submitted to a jury, one being the identity of the land which is the subject of the controversy herein and the other being a question of fraud.

In the declaration filed at the above number plaintiff avers as follows:

"6. Anticipating, as seems necessary by certain decisions, defendants' answer and abstract, plaintiff further avers that defendants' title to the said premises, is defective, defeasible and void, by reason of the following facts and circumstances:

"(a) When and before the commissioners of this county exposed at public sale on February 5, 1943, certain land in said township of Sewickley advertised as 'Shimpko, Catherine & Andrew, Hse.—3½A.', for de-

linquent taxes for 1938 amounting to $26.15, said commissioners had no valid title thereto, because among other reasons: said lot of ground no. 215 in the Cope Plan of Lots was insufficiently and illegally described in the tax collector's return, in the county treasurer's lien and sales dockets for 1938 taxes, in the sale notices, in the commissioners' sales book as required by Act of 1939, P. L. 498, sec. 16, and in the deed of said treasurer to said commissioners dated August 5, 1940, and subsequently recorded. . . ."

The assessment for 1938 seems to be: "Shimpko, Andrew & Catherine, 3½A. House, Wash house and shed."; and the return of the tax collector seems to be: "Shimpko, Andrew & Catherine, 3½A. House, wash house and shed, $925.. School taxes $14.80."

In plaintiff's declaration filed at the above number and term and in the writ of ejectment issued in this case the land is described as follows:

"Being Lot No. 215 in Cope's Plan of Lots situate one-fourth mile north of Herminie; beginning at a pin in the public road at corner of lot No. 216; thence North 26° 16' East along said road, 98.83 feet to a pin; thence North 8° 10' East along said road, 140.17 feet to a pin at bend of same; thence North 65° 12' East along said road, 222.83 feet to lands of Tom Boerio; thence South 0° 31' East along said lands, 210.58 feet to a post; thence North 81° 45' West by same, 74.25 feet to a post; thence South 3° 18' East, 158.42 feet by same to a post at line of lot No. 216; thence North 80° 28' West by said lot, 209.67 feet to a pin in public road, the place of beginning. Coal and mining rights excepted. Having thereon erected a frame house, stable, sheds, washhouse and other improvements. Containing one and three tenths (1.3) acres."

These descriptions may or may not apply to the same tract of land, but we are of opinion that whether they do or not is a question of fact which can only be determined by a jury, and the court could not, under the Act

of 1901, as amended, supra, enter judgment on the pleadings for either party.

In Caryl v. Fenner, 306 Pa. 379, 383-384, it is said by the Supreme Court:

"So, as expressed in the Act of 1919, above quoted, after all 'the pleadings' required by the act have been filed, either party may move for 'judgment on the pleadings', which may be entered for the litigant found entitled thereto, though he may not be the one who made the motion . . .; but no judgment can properly be entered thereon unless, after assuming the truth of the facts averred by the party against whom judgment is to be entered, it clearly appears that the other is entitled to such judgment as a matter of law. . . ."

The first section of the Act of May 29, 1931, P. L. 280, as amended by the Act of June 20, 1939, P. L. 498, provides, inter alia: ". . . it shall be the duty of each receiver or collector of any county, city, borough, town, township, school district, poor district or institution district taxes, to make a return to the county commissioners of such taxes which are assessed and levied on seated lands, and which are unpaid, and for which no liens have been filed . . . filing therewith a description of said real estate by adjoiners or otherwise, sufficient to identify said land with name of the owner or reputed owner against whom such taxes were assessed and levied, and the amounts of taxes unpaid, and the year during which the said taxes were assessed or levied."

We are unable to agree that the description of the land on which the assessment was made and for which the taxes were returned to the county commissioners, as quoted above, is a compliance with the Act of 1931 as amended, and we are of opinion that as the identity of land has always been considered a question of fact for the determination of a jury the court cannot, in a proceeding of this kind, enter summary judgment for either of the parties.

In Fisk et al. v. Corey et al., 141 Pa. 334, 347, Mr. Justice Clark, in delivering the opinion of the court said:

"In Philadelphia v. Miller, supra, Mr. Justice Agnew, delivering the opinion of the court, says: 'Identity is said to be matter for the jury. Certainly, this is so; but from its very nature the fact of identity is dependent on circumstances which attach themselves to the land. It is because the thing described answers to the circumstances of description we are able to identify it. The evidence of identity is the record which contains the description and fixes the duty.'"

See also Miller v. Hale, 26 Pa. 432, and Everhart v. Nesbit, 182 Pa. 500.

In Bucciarelli's Estate, 31 Del. Co. 487, the description given by the county treasurer for sale was as follows: "Frank B. and Evelyn Byrd—house and lots 195-6 Eggleston Avenue, $169.60," and the court, MacDade, J., said, quoting from page 488:

"It is the law of this jurisdiction to make a lien for unpaid taxes valid that the record must contain some element or elements which serve to identify the particular land intended to be covered. Glass v. Gilbert, 58 Pa. 266.

"In the case of Auman v. Hough, 31 Pa. Superior Ct. 337, it was held that the assessment of 207 acres in the name of Thomas Carouthers will not sustain a tax sale of a part of 407 acres of land warranted in the name of James Crowthers. Here there is no evidence to identify the 207 acres as a part of the 407 acres.

"The law clearly requires that a tax sale title, to be valid, must be predicated upon an assessment and advertisement that identifies the lot assessed and advertised as the same one as intended."

In Kintz et al. v. County Commissioners, 34 Luz. L. R. 393, the description of the land was: "Harris Denby Coal Co. Tr. 652 A. 3562, D. 26, P-279, 47 20-100 A. Coal & Sur. Equip. Exeter Coal Co. (Middle Campbell) 1929, 1,460.40. . . ."

In that case it was claimed that the advertisements did not properly describe the property to be sold and the court held (p. 394):

"Without deciding now whether the petitioners' title, recovered by forfeiture, comes within the statutory exception quoted above, we are of the opinion that the descriptions are so defective, obscure and uncertain that a tax sale would only cause confusion and complication and would convey no valid title until the returns and advertisements can be properly amended and clarified. Van Loon v. Engle, 171 Pa. 157."

In Challac's Appeal, 147 Pa. Superior Ct. 111, 114, in speaking of the Act of 1931, as amended, supra, President Judge Keller said:

"We are also of opinion that the description of appellant's real estate filed by the tax collector with his return, to wit 'Lot 30 x 100 Short Lot—Bldg.' was not a sufficient compliance with the direction of the statute (section 1) that the tax collector shall file with his return 'a description of said real estate by adjoiners or otherwise, sufficient to identify said lands'."

Inasmuch as plaintiff has raised the question of fraud and attributed it to defendants and their predecessors in title, we are of opinion that the court cannot at this stage of the proceedings enter judgment for either party, but that we must refer all questions raised by the pleadings to a jury. We are, therefore, of opinion that the prayer of defendants' petition that judgment be entered in their favor and against plaintiff on the pleadings should be denied and that the rule should be discharged.

And now, to wit, April 12, 1944, after argument and after due and careful consideration, it is ordered, adjudged, and decreed that the prayer of defendants' petition that judgment be entered in their favor and against plaintiff on the pleadings be and the same hereby is denied, and the rule heretofore granted be and the same hereby is discharged.