## DiMario et ux. v. Cook et al.

*J. C. Silsley* and *Everett S. C. Sorber*, for plaintiffs.

*Robert M. Carson* and *Francis E. Criner*, for defendants.

LAIRD J., May 23, 1946.—This action in ejectment was brought by plaintiffs January 11, 1946, to secure possession and right of possession to certain tracts of land in the City of Jeannette, a declaration and abstract of title being filed the same day.

On February 2, 1946, defendants filed a petition setting up some alleged irregularities and defects in plaintiffs' pleadings, following which a rule was granted directed to plaintiffs to show cause why the declaration in ejectment should not be stricken off.

To this rule and the petition therefor, plaintiffs filed an answer and the matter was placed on the argument list for the February term, 1946, and was set down for hearing on March 18, 1946. When the matter was called for argument, counsel agreed to dispense with the oral argument and submit the matter on briefs.

As no brief has as yet been filed by defendants, we conclude that plaintiffs are correct in their statement that the petition of defendants is only filed for the purposes of delay, but whether for delay or not:

"Ejectment is a possessory action, and the method of procedure, insofar as this case is concerned, is governed wholly by the Act of May 8, 1901, P. L. 142, as amended by the Act of June 7, 1915, P. L. 887. Section 2 of the earlier act provides that the plaintiff in ejectment shall file a declaration, which shall consist of a concise statement of his cause of action, with an abstract of the title under which he claims the land in dispute, and that, in addition to the plea of 'not guilty' now required by law, the defendant shall file an answer in the nature of a special plea, in which he shall set forth his grounds of defence, with an abstract of the title by which he claims. . . . None of the acts cited contains any authority for the filing of a petition to strike off plaintiff's declaration or statement of claim in ejectment, and such a petition is irregular: Linn and House v. Bowman, 30 Dist. R. 863. . . . And a rule could not have been awarded properly, and the petition could not properly have been permitted to be filed, . . . Defendants cannot proceed under the Practice Act of May 14, 1915, P. L. 483. That act does not regulate the practice in ejectments. The court, therefore, can give no consideration to this petition": Endsley v. Laurel Run Fuel Company, et al., 3 D. & C. 73-75.

Defendants seem to have confused the practice in ejectment with what is prescribed by the Practice Act

of 1915, which does not apply in ejectment. Plaintiffs are required to show by their pleading only that they have a prima facie title to the land in themselves: Caryl v. Fenner, 306 Pa. 379.

We are of the opinion, therefore, that the petition of the defendants should be dismissed and the rule discharged. We, therefore, enter the following decree:

And now, to wit, May 23, 1946, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the petition be and the same hereby is dismissed, and the rule heretofore granted be and the same hereby is discharged.