## Curtis v. Webb

*Drinker, Biddle & Reath,* for plaintiff.
*J. K. Weaver* and *M. M. Carson,* for defendant.

ALESSANDRONI, J., January 7, 1947.—This is an action of ejectment to recover possession of premises 4412 Sherwood Road, Philadelphia, Pa. Plaintiff filed

his declaration in ejectment and abstract of title wherein it is set forth that sometime prior to June 1931 plaintiff employed defendant in the capacity of a chauffeur and entered into an oral agreement whereby defendant was permitted to occupy premises 4412 Sherwood Road during his employment. On November 7, 1945, defendant was discharged from his employment and notified by registered letter, dated November 21, 1945, to surrender possession of the premises not later than January 1, 1946. Defendant refused to comply with this request and filed a bill in equity in this court for specific performance of an alleged oral contract for the sale of the property by plaintiff to defendant. This bill was dismissed after a hearing upon the merits and no appeal was taken from the final decree.

The declaration further alleges that subsequent to the termination of the suit in equity defendant filed an application with the area rent director of the Office of Price Administration, which agency held the relationship between the parties to be that of landlord and tenant and by order, dated October 22, 1946, fixed the maximum rent for the property as of July 1, 1942, in the sum of $47.50 per month. A demand was made upon defendant for the payment of the sum of $522.50, being the rent alleged to be due from November 7, 1945, to October 6, 1946. No payment was made by defendant.

Defendant, without filing a plea, answer and abstract of title, as required by the Act of May 8, 1901, P. L. 142, sec. 2, as amended, 12 PS §1547, filed a pleading entitled "Demurrer", the substance of which is that the parties never agreed upon a sum certain as rent and therefore there could be no delinquency in the payment for the use and occupation of the premises by defendant. It is further argued that plaintiff's demand for the sum of $522.50 was unlawful, since

it was calculated upon the maximum rent ceiling as fixed by the Office of Price Administration and that that amount was never agreed upon by defendant as the rental value of the property.

Defendant's status is that of a tenant at will, and his right to possession is dependent upon the sufferance of plaintiff. Defendant's attempt to set up title in himself in defiance of that of this landlord was a negation of any obligation to pay plaintiff for the occupancy of the premises. That position assumed by defendant continued for almost a year, and he cannot now contest this action in ejectment on the theory that he is not delinquent in paying for the rental value of the property, because there was no amount agreed upon. He chose to defend his right of possession on the theory of ownership and was defeated. He cannot now stultify himself by assuming the status of an aggrieved tenant.

We are therefore not concerned with the regulations of the Office of Price Administration governing evictions of tenants by persons desiring to use the property for their own habitation, nor are we concerned with the amount of defendant's liability for his use and occupation, since his conduct in instituting his action in equity was a denial of plaintiff's right to receive remuneration in any amount for the occupancy of the premises. If this action in ejectment is in violation of the regulations of the Office of Price Administration and a denial of defendant's right under that Federal regulation, defendant can pursue such remedies against plaintiff under the Federal statute as are deemed appropriate. Since defendant is admittedly a tenant at will and neither title to the property nor the right of immediate possession is in question, judgment on the pleadings must be entered in favor of plaintiff, and the construction and interpretation of the regulations of the Federal agency left for the decision of another forum.

The so-called demurrer was not in compliance with the statutes governing actions of ejectment which are mandatory in their phraseology. The neglect by defendant to proceed in accordance with the acts of assembly justifies the entry of judgment for plaintiff: Porter et al. v. Hayes et al., 293 Pa. 194; Caryl v. Fenner, 306 Pa. 379.

For the foregoing reasons therefore plaintiff's rule for judgment on the pleadings must be made absolute and judgment entered for plaintiff.

### Order

And now, to wit, January 7, 1947, plaintiff's rule for judgment on the pleadings is made absolute and judgment in ejectment is entered in favor of plaintiff against defendant.

NOTE.—An appeal from the foregoing order to the Superior Court was subsequently withdrawn.